# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

MARK F MEDEIROS )
Plaintiff )
)
v. )            CA 07 425 ML
)
ROBERT E. JOHNSON, ESQ. )
LAW OFFICES HOWARD LEE SCHIFF, P.C. )
Defendants )
)
CAPITAL ONE BANK )
Co-Defendant )
_____/

## PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT.

-

This Honorable Court has jurisdiction in this instant matter under the auspices of

the Fair Debt Collection Practices Act and U.S.C., Title 28, § 1331. Federal question.

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States and U.S.C., Title 28, § 1332. Diversity of citizenship; amounts in controversy; costs. (b) Except where express provision therefor is otherwise made in statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

Comes now the Plaintiff, Mark F. Medeiros, and hereby complains and alleges that

Co-Defendant, Capital One Bank is responsible for the actions of it's agent Defendant,

1

**Robert E. Johnson, Esq., Law Offices Howard Lee Schiff, P.C. under the Law of Agency.**

## CAUSES OF ACTION

**Causes for Action against defendants Robert E. Johnson, Esq. and Law Offices Howard Lee Schiff, P.C and co-defendant Capital One Bank are as follows:**

### FIRST CAUSE OF ACTION

**Comes now the Plaintiff, Mark F. Medeiros and hereby complains and alleges that the Defendant, Law Offices Howard Lee Schiff, P.C. did violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692e and 1692f by providing false and misleading information by mailing a dunning letter dated 10/7/06 and two separate offers of settlement letters dated 11/15/06 and 2/7/07 by U.S.P.S. to the Plaintiff, Mark F. Medeiros all of which asked for a lump sum of money and did not itemize the various charges that comprised the total amount of the debt.**

*Fields v. Wilber Law Firm, USCA-02-C-0072, 7th Circuit Court, Sept. 2, 2004 B. 15 U.S.C. § 1692e and 15 U.S.C. § 1692f, "Even if the attorney's fees are authorized by contract, as in this case, and even if the fees are reasonable, debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs. "A debt collector may not use any false deceptive, or misleading representation or means in connection with collection of any debt." 15 U.S.C. § 1692e. As an example of such conduct, § 1692e(2)(A) states that it is a violation to falsely represent "the character, amount, or legal status of any debt[.]" Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." We conclude that Fields has made allegations sufficient to state a claim under § 1692e and 1692f and a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) was inappropriate because the letters could conceivably mislead an unsophisticated consumer. In the original dunning letter, Wilber listed an account balance that exceeded the principal obligation by $266.48. Wilber's fees were more than double the original obligation, $122.06.*

2

*Nowhere did Wilber explain that it was seeking attorneys' fees of $250. Fields received the initial dunning letter almost eight months after she incurred the charges at the veterinary hospital. An unsophisticated consumer could reasonably wonder why her bill was now $388.54, even assuming she had saved the original contract that specified she could be charged for attorneys' fees. It would be difficult for such a consumer to understand how a relatively modest fee for services rendered had tripled in size. Cf Johnson v. Revenue Mgmt. Corp., 169 F.3d 1057, 1060 (7th Cir. 1999) ("Unsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade.") Or, an unsophisticated consumer may have lost the bill and forgotten the amount of the debt completely. In this circumstance, the debtor (or the debtor's spouse, or someone else paying the bills for the debtor) might logically assume that she simply incurred nearly $400 in charges. By leaving the door open for this assumption to be made, Wilber's letter was misleading because it gave a false impression of the character of the debt. It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably asses the validity of the debt. One simple way to comply with § 1692e and § 1692f in this regard would be to itemize the various charges that comprise the total amount of the debt. The district court agreed that the dunning letter in this case was facially misleading. But we are forced to disagree with the district court's determination that the letters' misleading nature was irrelevant as a matter of law because Fields could reference the contract from Kruger Animal Hospital or because she could telephone Wilber and ask for an explanation. As we noted above, even is she saved her contract from nearly eight months earlier, this unsophisticated consumer would not necessarily understand that Wilber was seeking $250 in attorneys' fees, an amount allowed, but not specified, by the contract. Furthermore, in Miller, 214 F.3d at 875-76, we rejected the proposition that a debt collector could provide incomplete information in a dunning letter so long as it provided a telephone number for the debtor to call. "It is notorious that trying to get through to an 800 number is often a vexing and protracted undertaking, and anyway, unless the number is recorded, to authorize debt collectors to comply orally would be an invitation to just the sort of fraudulent and coercive tactics in debt collection that the Act aimed (rightly or wrongly) to put an end to." Miller, 214 F.3d at 875. Wilber did not satisfy all of its FDCPA obligations by including a telephone number on the dunning letter.*

## SECOND CAUSE OF ACTION

Comes now the Plaintiff, Mark F. Medeiros and hereby complains and alleges that the Defendant, Robert E. Johnson, Esq., Law Offices Howard Lee Schiff, P.C. did violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692e and 1692f by providing false and misleading information on November 21, 2006 by filing a compliant with the State of

3

Rhode Island, Providence S.C., District Court Department, Sixth Division which was filed by Lorraine Alfonso, Clerk Sixth Division District Court on 12/4/06 which asked for a lump sum of money ($3,062.67) and did not itemize the various charges that comprised the total amount of the debt.

> *Fields v. Wilber Law Firm, USCA-02-C-0072, 7th Circuit Court, Sept. 2, 2004 B. 15 U.S.C. § 1692e and 15 U.S.C. § 1692f, "Even if the attorney's fees are authorized by contract, as in this case, and even if the fees are reasonable, debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs. "A debt collector may not use any false deceptive, or misleading representation or means in connection with collection of any debt." 15 U.S.C. § 1692e. As an example of such conduct, § 1692e(2)(A) states that it is a violation to falsely represent "the character, amount, or legal status of any debt[.]" Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." We conclude that Fields has made allegations sufficient to state a claim under § 1692e and 1692f and a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) was inappropriate because the letters could conceivably mislead an unsophisticated consumer." In the original dunning letter, Wilber listed an account balance that exceeded the principal obligation by $266.48. Wilber's fees were more than double the original obligation, $122.06. Nowhere did Wilber explain that it was seeking attorneys' fees of $250. Fields received the initial dunning letter almost eight months after she incurred the charges at the veterinary hospital. An unsophisticated consumer could reasonably wonder why her bill was now $388.54, even assuming she had saved the original contract that specified she could be charged for attorneys' fees. It would be difficult for such a consumer to understand how a relatively modest fee for services rendered had tripled in size. Cf Johnson v. Revenue Mgmt. Corp., 169 F.3d 1057, 1060 (7th Cir. 1999) ("Unsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade.") Or, an unsophisticated consumer may have lost the bill and forgotten the amount of the debt completely. In this circumstance, the debtor (or the debtor's spouse, or someone else paying the bills for the debtor) might logically assume that she simply incurred nearly $400 in charges. By leaving the door open for this assumption to be made, Wilber's letter was misleading because it gave a false impression of the character of the debt. It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably asses the validity of the debt. One simple way to comply with § 1692e and § 1692f in this regard would be to itemize the various charges that comprise the total amount of the debt. The district court agreed that the dunning letter in this case was facially misleading. But we are forced to disagree with the district court's determination that the letters' misleading nature was irrelevant as a matter of law because Fields could*

4

*reference the contract from Kruger Animal Hospital or because she could telephone Wilber and ask for an explanation. As we noted above, even is she saved her contract from nearly eight months earlier, this unsophisticated consumer would not necessarily understand that Wilber was seeking $250 in attorneys' fees, an amount allowed, but not specified, by the contract. Furthermore, in Miller, 214 F.3d at 875-76, we rejected the proposition that a debt collector could provide incomplete information in a dunning letter so long as it provided a telephone number for the debtor to call. "It is notorious that trying to get through to an 800 number is often a vexing and protracted undertaking, and anyway, unless the number is recorded, to authorize debt collectors to comply orally would be an invitation to just the sort of fraudulent and coercive tactics in debt collection that the Act aimed (rightly or wrongly) to put an end to." Miller, 214 F.3d at 875. Wilber did not satisfy all of its FDCPA obligations by including a telephone number on the dunning letter.*

### THIRD CAUSE OF ACTION

**Comes now the Plaintiff, Mark F. Medeiros and hereby complains and alleges that the Defendant, Robert E. Johnson, Esq., Law Offices Howard Lee Schiff, P.C. did violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692j by furnishing certain deceptive forms by filing a compliant on November 21, 2006 with the State of Rhode Island, Providence S.C., District Court Department, Sixth Division which was filed by Lorraine Alfonso, Clerk Sixth Division District Court on 12/4/06 and naming Capital One Bank as Plaintiff when in fact Robert E. Johnson, Esq., Law Offices Howard Lee Schiff, P.C. signed the document as Plaintiff.**

*§ 812. Furnishing certain deceptive forms [15 U.S.C. 1692j]: (a)It is unlawful to design, compile, and furnish and form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating. (b)Any person who violates this section shall be liable to the same extent and in the same manner as debt collector is liable under section 813 for failure to comply with a provision of this title.*

### FOURTH CAUSE OF ACTION

**Comes now the Plaintiff, Mark F. Medeiros and hereby complains and alleges that a**

5

Summons issued by Lorraine Alfonso, Clerk Sixth Division District Court to Plaintiff, Medeiros, Defendant on 11/30/06 and served to defendant's girlfriend Laurie J. Czeczot by Constable Robert Serrecchia Lic. # 6107 on 12/4/06 and filed on 12/22/06 by Lorraine A. Alfonso, Clerk Sixth Division District Court did violate the Federal Debt Collection Practices Act 15 U.S.C. 1692j by furnishing certain deceptive forms by naming Capital One Bank, Plaintiff when the actual Plaintiff is Robert E. Johnson, Esq., Law Offices Howard Lee Schiff, P.C.

> *§ 812. Furnishing certain deceptive forms [U.S.C. 1692j]: (a)It is unlawful to design, compile, and furnish and form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating. (b)Any person who violates this section shall be liable to the same extent and in the same manner as debt collector is liable under section 813 for failure to comply with a provision of this title.*

## FIFTH CAUSE OF ACTION

Comes now the Plaintiff, Mark F. Medeiros and hereby complains and alleges that an Affidavit Of Debt And Verified Bill Of Particulars, Capital One Bank, Plaintiff v. Mark F. Medeiros, Defendant signed on 3/13/07 by Maisha Davis, Media Services Representative and notarized by Dudley Turner, Notary Public, Dekalb County Georgia did violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692e and 1692f by providing false and misleading information by not itemizing the various charges that comprised the total amount of the debt.

> *Fields v. Wilber Law Firm, USCA-02-C-0072, 7th Circuit Court, Sept. 2, 2004 B. 15 U.S.C § 1692e and 15 U.S.C. § 1692f, "Even if the attorney's fees are authorized by contract, as in this case, and even if the fees are reasonable, debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses like*

6

*attorneys' fees or collection costs. "A debt collector may not use any false deceptive, or misleading representation or means in connection with collection of any debt." 15 U.S.C. § 1692e. As an example of such conduct, § 1692e(2)(A) states that it is a violation to falsely represent "the character, amount, or legal status of any debt[.]" Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." We conclude that Fields has made allegations sufficient to state a claim under § 1692e and 1692f and a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) was inappropriate because the letters could conceivably mislead an unsophisticated consumer." In the original dunning letter, Wilber listed an account balance that exceeded the principal obligation by $266.48. Wilber's fees were more than double the original obligation, $122.06. Nowhere did Wilber explain that it was seeking attorneys' fees of $250. Fields received the initial dunning letter almost eight months after she incurred the charges at the veterinary hospital. An unsophisticated consumer could reasonably wonder why her bill was now $388.54, even assuming she had saved the original contract that specified she could be charged for attorneys' fees. It would be difficult for such a consumer to understand how a relatively modest fee for services rendered had tripled in size. Cf Johnson v. Revenue Mgmt. Corp., 169 F.3d 1057, 1060 (7th Cir. 1999) ("Unsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade.") Or, an unsophisticated consumer may have lost the bill and forgotten the amount of the debt completely. In this circumstance, the debtor (or the debtor's spouse, or someone else paying the bills for the debtor) might logically assume that she simply incurred nearly $400 in charges. By leaving the door open for this assumption to be made, Wilber's letter was misleading because it gave a false impression of the character of the debt. It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably asses the validity of the debt. One simple way to comply with § 1692e and § 1692f in this regard would be to itemize the various charges that comprise the total amount of the debt. The district court agreed that the dunning letter in this case was facially misleading. But we are forced to disagree with the district court's determination that the letters' misleading nature was irrelevant as a matter of law because Fields could reference the contract from Kruger Animal Hospital or because she could telephone Wilber and ask for an explanation. As we noted above, even is she saved her contract from nearly eight months earlier, this unsophisticated consumer would not necessarily understand that Wilber was seeking $250 in attorneys' fees, an amount allowed, but not specified, by the contract. Furthermore, in Miller, 214 F.3d at 875-76, we rejected the proposition that a debt collector could provide incomplete information in a dunning letter so long as it provided a telephone number for the debtor to call. "It is notorious that trying to get through to an 800 number is often a vexing and protracted undertaking, and anyway, unless the number is recorded, to authorize debt collectors to comply orally would be an invitation to just the sort of fraudulent and coercive tactics in debt collection that the Act aimed (rightly or wrongly) to put an end to." Miller, 214 F.3d at 875. Wilber did not satisfy all of its FDCPA obligations by including a telephone number on the dunning letter.*

7

## SIXTH CAUSE OF ACTION

Comes now the Plaintiff, Mark F. Medeiros and hereby complains and alleges that an Affidavit Of Debt And Verified Bill Of Particulars, Capital One Bank, Plaintiff v. Mark F. Medeiros, Defendant signed on 3/13/07 by Maisha Davis, Media Services Representative and notarized by Dudley Turner, Notary Public, Dekalb County Georgia did violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692j by furnishing certain deceptive forms by namimg Capital One Bank, Plaintiff when the actual Plaintiff is Robert E. Johnson, Esq., Law Offices Howard Lee Schiff, P.C.

> *§ 812. Furnishing certain deceptive forms [U.S.C. 1692j]: (a)It is unlawful to design, compile, and furnish and form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating. (b)Any person who violates this section shall be liable to the same extent and in the same manner as debt collector is liable under section 813 for failure to comply with a provision of this title.*

## SEVENTH CAUSE OF ACTION

Comes now the Plaintiff, Mark F. Medeiros hereby complains and alleges that an Application For Entry of Default and an Application For Entry of Judgment by Default both filed with the State of Rhode Island, Providence S.C., District Court, Sixth Division by Jeanine M. Dumont, Esq., Law Offices Howard Lee Schiff, P.C. on 5/8/07 did violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692j by furnishing certain deceptive forms by naming Capital One Bank, Plaintiff when the actual Plaintiff is Robert E. Johnson, Esq., Law Offices Howard Lee Schiff, P.C.

> *§ 812. Furnishing certain deceptive forms [U.S.C. 1692j]: (a)It is unlawful to design, compile, and furnish and form knowing that such form would be used to create the false*

*belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating. (b)Any person who violates this section shall be liable to the same extent and in the same manner as debt collector is liable under section 813 for failure to comply with a provision of this title.*

### EIGTH CAUSE OF ACTION

Comes now the plaintiff, Mark F. Medeiros hereby complains and alleges that an Affidavit of Failure to Plead or Otherwise Defend in Support of Application For Entry Of Default filed with the State of Rhode Island, Providence S.C., District Court, Sixth Division by Jeanine M. Dumont, Esq., Law Offices Howard Lee Schiff, P.C. on 5/8/07 and notarized by Jean Kristensen DeJesus did violate the Fair Debt Collections Practices Act, U.S.C. 15 1692j by furnishing certain deceptive forms by naming Capital One Bank, Plaintiff when the actual Plaintiff is Robert E. Johnson, Esq., Law Offices of Howard Lee Schiff, P.C.

*§ 812. Furnishing certain deceptive forms [U.S.C. 1692j]: (a)It is unlawful to design, compile, and furnish and form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating. (b)Any person who violates this section shall be liable to the same extent and in the same manner as debt collector is liable under section 813 for failure to comply with a provision of this title.*

### NINTH CAUSE OF ACTION

Comes now the Plaintiff, Mark F. Medeiros and hereby complains and alleges that an Entry Of Default ordered by Lorraine Alfonso, Clerk of Sixth Division District Court on May 14, 2007 did violate the Fair Debt Collection Practices Act 15 U.S.C. 1692j by furnishing certain deceptive forms by naming Capital One Bank, Plaintiff when the actual Plaintiff is Robert E. Johnson, Esq., Law Offices of Howard Lee Schiff, P.C.

9

*§ 812. Furnishing certain deceptive forms [U.S.C. 1692j]: (a)It is unlawful to design, compile, and furnish and form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating. (b)Any person who violates this section shall be liable to the same extent and in the same manner as debt collector is liable under section 813 for failure to comply with a provision of this title.*

## TENTH CAUSE OF ACTION

Comes now the Plaintiff, Mark F. Medeiros and hereby complains and alleges that an Entry Of Judgment ordered on May 14, 2007 by Lorraine Alfonso, Clerk of Sixth Division District Court did violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692e and 1692f by providing false and misleading information by not itemizing the various charges which comprised the total amount of the debt and by not explaining how the prejudgment interest was calculated.

*Fields v. Wilber Law Firm, USCA-02-C-0072, 7th Circuit Court, Sept. 2, 2004 B. 15 U.S.C. § 1692e and 15 U.S.C. § 1692f, "Even if the attorney's fees are authorized by contract, as in this case, and even if the fees are reasonable, debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs. "A debt collector may not use any false deceptive, or misleading representation or means in connection with collection of any debt." 15 U.S.C. § 1692e. As an example of such conduct, § 1692e(2)(A) states that it is a violation to falsely represent "the character, amount, or legal status of any debt[.]" Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." We conclude that Fields has made allegations sufficient to state a claim under § 1692e and 1692f and a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) was inappropriate because the letters could conceivably mislead an unsophisticated consumer." In the original dunning letter, Wilber listed an account balance that exceeded the principal obligation by $266.48. Wilber's fees were more than double the original obligation, $122.06. Nowhere did Wilber explain that it was seeking attorneys' fees of $250. Fields received the initial dunning letter almost eight months after she incurred the charges at the veterinary hospital. An unsophisticated consumer could reasonably wonder why her bill was now $388.54, even assuming she had saved the original contract that specified she could be charged for attorneys' fees. It would be difficult for such a consumer to understand how a relatively modest fee for services rendered had tripled in size. Cf Johnson v. Revenue Mgmt.*

*Corp., 169 F.3d 1057, 1060 (7th Cir. 1999) ("Unsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade.") Or, an unsophisticated consumer may have lost the bill and forgotten the amount of the debt completely. In this circumstance, the debtor (or the debtor's spouse, or someone else paying the bills for the debtor) might logically assume that she simply incurred nearly $400 in charges. By leaving the door open for this assumption to be made, Wilber's letter was misleading because it gave a false impression of the character of the debt. It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably asses the validity of the debt. One simple way to comply with § 1692e and § 1692f in this regard would be to itemize the various charges that comprise the total amount of the debt. The district court agreed that the dunning letter in this case was facially misleading. But we are forced to disagree with the district court's determination that the letters' misleading nature was irrelevant as a matter of law because Fields could reference the contract from Kruger Animal Hospital or because she could telephone Wilber and ask for an explanation. As we noted above, even is she saved her contract from nearly eight months earlier, this unsophisticated consumer would not necessarily understand that Wilber was seeking $250 in attorneys' fees, an amount allowed, but not specified, by the contract. Furthermore, in Miller, 214 F.3d at 875-76, we rejected the proposition that a debt collector could provide incomplete information in a dunning letter so long as it provided a telephone number for the debtor to call. "It is notorious that trying to get through to an 800 number is often a vexing and protracted undertaking, and anyway, unless the number is recorded, to authorize debt collectors to comply orally would be an invitation to just the sort of fraudulent and coercive tactics in debt collection that the Act aimed (rightly or wrongly) to put an end to." Miller, 214 F.3d at 875. Wilber did not satisfy all of its FDCPA obligations by including a telephone number on the dunning letter.*

## ELEVENTH CAUSE OF ACTION

**Comes now the Plaintiff, Mark F. Medeiros and hereby complains and alleges that an Entry Of Judgment ordered on May 14, 2007 by Lorraine Alfonso, Clerk of Sixth Division District Court did violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692j by furnishing certain deceptive forms by naming Capital One Bank, Plaintiff when the actual Plaintiff is Robert E. Johnson, Esq., Law Offices of Howard Lee Schiff, P.C.**

*§ 812. Furnishing certain deceptive forms [U.S.C. 1692j]: (a)It is unlawful to design, compile, and furnish and form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or an attempt to collect a debt such consumer allegedly owes such*

11

*creditor, when in fact such person is not so participating. (b)Any person who violates this section shall be liable to the same extent and in the same manner as debt collector is liable under section 813 for failure to comply with a provision of this title.*

## TWELFTH CAUSE OF ACTION

Comes now the Plaintiff, Mark F. Medeiros, and hereby complains and alleges that a Citation In Supplementary Proceedings ordered by Lorraine Alfonso, Clerk Sixth Division District Court on 5/17/07 and filed by Lorraine Alfonso, Clerk Sixth Division District Court on 6/25/07 did violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692j by furnishing certain deceptive forms by naming Capital One Bank, Plaintiff when the actual plaintiff is Robert E. Johnson, Esq., Law Offices Howard Lee Schiff, P.C.

*§ 812. Furnishing certain deceptive forms [U.S.C. 1692j]: (a)It is unlawful to design, compile, and furnish and form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating. (b)Any person who violates this section shall be liable to the same extent and in the same manner as debt collector is liable under section 813 for failure to comply with a provision of this title.*

## THIRTEENTH CAUSE OF ACTION

Comes now the Plaintiff, Mark F. Medeiros, and hereby complains and alleges that a Citation In Supplementary Proceedings ordered by Lorraine Alfonso, Clerk Sixth Division District Court on 5/17/07 and filed by Lorraine Alfonso, Clerk Sixth Division District Court on 6/25/07 did violate the Fair Debt Collections Practices Act, 15 U.S.C. 1692e and 1692f by providing false and misleading information by not itemizing the various charges, damages and costs taxed which comprised the total amount of the debt.

*Fields v. Wilber Law Firm, USCA-02-C-0072, 7th Circuit Court, Sept. 2, 2004 B. 15 U.S.C. § 1692e and 15 U.S.C. § 1692f, "Even if the attorney's fees are authorized by contract, as in*

*this case, and even if the fees are reasonable, debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs. "A debt collector may not use any false deceptive, or misleading representation or means in connection with collection of any debt." 15 U.S.C. § 1692e. As an example of such conduct, § 1692e(2)(A) states that it is a violation to falsely represent "the character, amount, or legal status of any debt[.]" Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." We conclude that Fields has made allegations sufficient to state a claim under § 1692e and 1692f and a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) was inappropriate because the letters could conceivably mislead an unsophisticated consumer." In the original dunning letter, Wilber listed an account balance that exceeded the principal obligation by $266.48. Wilber's fees were more than double the original obligation, $122.06. Nowhere did Wilber explain that it was seeking attorneys' fees of $250. Fields received the initial dunning letter almost eight months after she incurred the charges at the veterinary hospital. An unsophisticated consumer could reasonably wonder why her bill was now $388.54, even assuming she had saved the original contract that specified she could be charged for attorneys' fees. It would be difficult for such a consumer to understand how a relatively modest fee for services rendered had tripled in size. Cf Johnson v. Revenue Mgmt. Corp., 169 F.3d 1057, 1060 (7th Cir. 1999) ("Unsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade.") Or, an unsophisticated consumer may have lost the bill and forgotten the amount of the debt completely. In this circumstance, the debtor (or the debtor's spouse, or someone else paying the bills for the debtor) might logically assume that she simply incurred nearly $400 in charges. By leaving the door open for this assumption to be made, Wilber's letter was misleading because it gave a false impression of the character of the debt. It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably asses the validity of the debt. One simple way to comply with § 1692e and § 1692f in this regard would be to itemize the various charges that comprise the total amount of the debt. The district court agreed that the dunning letter in this case was facially misleading. But we are forced to disagree with the district court's determination that the letters' misleading nature was irrelevant as a matter of law because Fields could reference the contract from Kruger Animal Hospital or because she could telephone Wilber and ask for an explanation. As we noted above, even is she saved her contract from nearly eight months earlier, this unsophisticated consumer would not necessarily understand that Wilber was seeking $250 in attorneys' fees, an amount allowed, but not specified, by the contract. Furthermore, in Miller, 214 F.3d at 875-76, we rejected the proposition that a debt collector could provide incomplete information in a dunning letter so long as it provided a telephone number for the debtor to call. "It is notorious that trying to get through to an 800 number is often a vexing and protracted undertaking, and anyway, unless the number is recorded, to authorize debt collectors to comply orally would be an invitation to just the sort*

13

*of fraudulent and coercive tactics in debt collection that the Act aimed (rightly or wrongly) to put an end to." Miller, 214 F.3d at 875. Wilber did not satisfy all of its FDCPA obligations by including a telephone number on the dunning letter.*

**Comes now the Plaintiff, Mark F. Medeiros, and hereby complains and alleges that Co-Defendant, Capital One Bank is responsible for the actions of it's agent Defendant, Robert E. Johnson, Esq., Law Offices Howard Lee Schiff, P.C. under the Law of Agency.**

*Restatement of the Law, Third – Agency, American Law Institute, Rules and Principles, Chapter 7 – Torts – Liability of Agent and Principal: 7.01 Agent's liability to third party: An agent is subject to liability to a third party harmed by the agent's tortious conduct. Conduct otherwise tortious is not privileged simply because an actor acts as an agent or an employee, with actual or apparent authority, or within the scope of employment. 7.03 Principal's Liabilty in – General: A Prinicipal is subject to liability to a third party harmed by an agent's conduct when (1) as stated in 7.04 the agent acts with actual authority or the principal ratifies the agent's conduct <u>and</u> (a) the agent's conduct is tortious, or (b) the agent's conduct, if that of the principal, would subject the principal to tort liability; or (2) as stated in 7.05, the principal, the principal is negligent in selection, supervising, or otherwise controlling the agent; or (3) as stated in 7.08, the agent commits a tort when acting with <u>apparent authority</u> in dealing with a third party on or purportedly on behalf of the principal. 7.04 Agent Acts with Actual Authority: A principal is subject to liability to a third party harmed by an agent's conduct when the agent's conduct is within the scope of the agent's actual authority or the principal ratifies it; and (1) the agent's conduct is tortious, or (2) the agent's conduct, if that of the principal, would subject the principal to tort liability. 7.05 Negligence in Conducting Activity Through Agent; Principal's Special Relationship with Another Person (1) A principal who conducts an activity through an agent is subject to liability for harm to a third party caused by the agent's conduct if the harm was caused by the principal's negligence in selecting, training, retaining, supervising, or otherwise controlling the agent.*

14

## MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff, Mark F. Medeiros and for the above reasons hereby motions this Honorable Court to grant this Plaintiff summary judgment against the Defendant for the violations of the Fair Debt Collection Act and against the Co-defendant as equally culpable under the concepts of the law of agency. Plaintiff hereby states and complains that the Defendants have also caused the Plaintiff great damage in the form of defamation of credit and denial of extension of credit as a result and seeks such monetary relief as the Court deems reasonable and just under the circumstances.

_____
Judge

*[signature]*
Mark F. Medeiros, Pro Se, 11/19/07
464 Eaton St.
Providence, RI 02908
401-273-9199

15