**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MARK F. MEDEIROS,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT E. JOHNSON, ESQ.,<br>LAW OFFICES OF HOWARD LEE SCHIFF, P.C.<br>CAPITAL ONE BANK<br><br>Defendants. | ) | Case No. C.A. 07-425 |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT CAPITAL ONE BANK (USA), N.A.**

Plaintiff Mark F. Medeiros ("Medeiros") incurred over $3000.00 in credit card debit to Capital One Bank ("Capital One") and failed to repay that debt.[1] Capital One retained the services of the Law Offices of Howard Lee Schiff, P.C. ("Schiff") to assist in collecting the outstanding debt. Schiff sent letters to Medeiros regarding his unpaid debt. Medeiros still failed to repay the debt. On November 21, 2006, Capital One filed suit against Medeiros to recover the unpaid debt. Medeiros did not respond to the complaint. On May 14, 2007, the court entered a default judgment against Medeiros.

Based upon these facts, Medeiros alleges that Capital One, through its agent Schiff, committed 13 violations of the Fair Debt Collections Practices Act ("FDCPA"). Medeiros' complaint, however, fails to state any claim against Capital One. Thus, all claims against Capital One should be dismissed with prejudice.

[1] While the consumer credit card account at issue originated with Capital One Bank ("COB"), on March 1, 2008, COB converted from a Virginia state-chartered bank to a national banking association now called Capital One Bank (USA), N.A.

## FACTS AS ALLEGED IN THE COMPLAINT

On October 7, 2006, November 15, 2006, and February 7, 2007 respectively, Schiff sent three letters to Medeiros in an attempt to collect a debt. Those letters listed a non-itemized balance due. Complaint, p. 2

On November 21, 2006, Schiff filed a Complaint in Rhode Island State Court against Medeiros seeking non-itemized damages. Complaint, p. 3. Schiff signed the Complaint, which named Capital One as the plaintiff. Complaint, p. 4. During the course of the litigation, various documents continued to identify Capital One as the plaintiff – specifically, (a) the summons; (b) an affidavit of debt; (c) an Application for Entry of Default; (d) an affidavit in support of the Application for Entry of Default; (e) the Entry of Default; (f) the Entry of Judgment; and (g) the Execution of Judgment. Complaint, pp. 5-12. The pleadings and court orders also did not itemize Medeiros' debt. Complaint, pp. 6, 10, 12.

At all relevant times, Schiff and its attorneys were acting as Capital One's agent. Complaint, p. 14.

## APPLICABLE LEGAL STANDARDS

To survive a motion to dismiss, a complaint must include "[f]actual allegations" sufficient "to raise a right to relief above the speculative level" and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A complaint cannot survive a motion to dismiss if it only creates "the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id.* at 1968. Thus, a complaint that merely alleges "labels and conclusions" fails to state a claim, and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965.

## ARGUMENT

### I. Capital One is Not a "Debt Collector" and Thus Cannot be Liable to Medeiros

The FDCPA creates civil liability for any "debt collector" who fails to comply with the act's requirements. 15 U.S.C. § 1692k. The FDCPA "regulates debt collectors, not creditors." *Ricciardi v. Service Credit Union*, 2006 U.S. Dist. LEXIS 28468, *3 (D. N.H. May 11, 2006) (quoting *Shula v. Lawent*, 359 F.3d 489, 492 (6th Cir. 2004)). *See also Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the Act").

"Because the FDCPA applies only to 'debt collectors,' … courts have consistently rejected attempts to impose FDCPA liability on a creditor for the actions of those who collect its debts based on respondeat superior or similar theories." *Ricciardi*, 2006 U.S. Dist. LEXIS 28468 at *6. *See also Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996) ("We do not think it would accord with the intent of Congress, as manifested in the terms of the Act, for a company that is not a debt collector to be held vicariously liable for a collection suit filing that violates the Act only because the filing attorney is a 'debt collector.' Section 1692k imposes liability only on a 'debt collector who fails to comply with [a] provision of this subchapter' … The plaintiffs would have us impose liability on non-debt collectors too. This we decline to do"); *Hart v. GMAC Mtg. Corp. (In re Hart)*, 246 B.R. 709, 731 (Bkrtcy. D. Mass. 2000) (dismissing claim for vicarious liability against a creditor and stating that the plaintiff "failed to cite a single case in which such liability was imposed on an entity that did not fit within the statutory definition of a debt collector"); *Doherty v. Citibank (S.D.) N.A.*, 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005); *Conner v. Howe*, 344 F. Supp. 2d 1164, 1170 (S.D. Ind. 2004); *Caron v. Charles E. Maxwell, P.C.*, 48 F. Supp. 2d 932, 936 (D. Ariz. 1999).

The FDCPA defines a "debt collector," in pertinent part, as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*." 15 U.S.C. § 1692a(6) (emphasis added). The FDCPA defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed[.]" 15 U.S.C. § 1692a(4).

Under the FDCPA, Capital One is a "creditor," not a "debt collector." Medeiros has not alleged any facts to suggest any debt collection efforts by Capital One. Medeiros only alleges debt collection efforts by Schiff and its attorneys. Medeiros' only alleged basis for liability against Capital One is vicarious liability for Schiff's debt collection efforts. Complaint, p. 14. Those claim fails as a matter of law. *See, e.g.*, *Ricciardi*, 2006 U.S. Dist. LEXIS 28468 at *6; *Wadlington*, 76 F.3d at 108.

## II. Medeiros Claims are Frivolous

Medeiros' claims fail for the additional, independent reason that his complaint does not include factual allegations sufficient to raise a right to relief above the speculative level.

### A. Capital One was Properly Identified as the Plaintiff in the State Court Litigation

Medeiros alleges that eight documents relating to the state court litigation against Medeiros (all of which are attached the Complaint in this case) violated the FDCPA because those documents incorrectly identified Capital One as the plaintiff. Complaint, pp. 5-6, 8-12. Based upon the allegations in the Complaint and the attachments thereto, this claim is not plausible on its face.

Medeiros apparently believes that the person who signs a Complaint is necessarily the plaintiff. That is false. In fact, corporate entities are required to be represented by counsel in

court proceedings. Thus, an attorney was required to sign the Complaint on behalf of Capital One. Medeiros has not alleged any facts to state a claim to relief that is plausible on its face.

Furthermore, if, as Medeiros alleges, Capital One was not the plaintiff in the state court litigation, then Schiff and its attorneys were not acting as Capital One's agents, and thus, Capital One could not be vicariously liable for their conduct.

In addition, four of the eight documents about which Medeiros complains were issued by the Rhode Island State Court: the summons, the entry of default, the entry of judgment, and the execution of judgment. The Court is not a "debt collector" and, thus, is not subject to the FDCPA. Also, the Court is not the agent of Capital One, so Capital One is not vicariously liable for the Court's actions.

**B. <u>The Documents at Issue Appropriately Describe Medeiros' Debt</u>**

Medeiros alleges that four documents relating to the state court litigation against Medeiros (the complaint, an affidavit of debt, the judgment, and the execution of judgment) violated the FDCPA because those documents did not itemize the amount of Medeiros' debt. Complaint, pp. 3-4, 6, 10, 12. Those documents, all of which are attached to the Complaint in this matter, demonstrate that Medeiros is incorrect.

The state court complaint specifies that Medeiros owed Capital One "$3,062.67 for charges and/or cash advances on [Medeiros'] credit account." The state court complaint attaches Medeiros' July 2005 account statement, which lists his "new balance" as $3,062.67. Thus, the state court complaint appropriately describes Medeiros' debt and does not violate the FDCPA.

The case upon which Medeiros relies, does not support his claim. He cites *Fields v. Wilber Law Firm, P.C.* for the proposition that a debt collector must itemize the amount of the debt. That case actually holds that debt collectors "must clearly and fairly communicate

information about the amount of the debt to debtors. This includes how the total amount was determined **if the demand for payment includes add-on expenses** like attorneys' fees or collection costs." *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565 (7th Cir. 2004) (emphasis added). The state court complaint did not seek add-on expenses. It clearly and fairly communicated the amount of the debt by attaching the actual account statement reflecting that debt.

The affidavit of debt specifies that Medeiros owed Capital One $3,062.67 for charges through October 5, 2006, and "interest calculated at 12.000% per annum from 10/05/06 to March 7, 2007 which sum is $154.06." Thus, the affidavit of debt clearly and fairly communicated the amount of the debt and does not violate the FDCPA.

The entry of judgment specifies that the amount of the judgment as a "balance owed" of $3,062.67 plus "prejudgment interest in the sum of $216.49" for a total of $3,279.16. Thus, the entry of judgment clearly and fairly communicated the amount of the debt.

The execution of judgment specifies that the amount of the judgment as $3,279.16 plus "costs taxed at the sum of $115.00" for a total of $3,394.16. Thus, the execution of judgment clearly and fairly communicated the amount of the debt. Additionally, both the entry of judgment and the execution of judgment were issued by the Rhode Island State Court. The Court is not a "debt collector" and, thus, is not subject to the FDCPA. Furthermore, the Court is not the agent of Capital One, so Capital One is not vicariously liable for the Court's actions.

## Conclusion

For the foregoing reasons, Capital One respectfully requests that this Court dismiss with prejudice all of Medeiros' claims against Capital One.

Dated: March 24, 2008

Respectfully submitted,

CAPITAL ONE BANK (USA), N.A.

By: /s/ Warren D. Hutchison
Warren D. Hutchison #5571
A. Neil Hartzell #4909
LeClairRyan, A Professional Corporation
One International Place, 11th Floor
Boston, MA 02110
Tel: (617) 502-8209
Fax: (617) 502-8259
Neil.Hartzell@LeClairRyan.com
Warren.Hutchison@LeClairRyan.com

Of Counsel:

Cameron S. Matheson
LeClair Ryan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Post Office Box 2499
Richmond, Virginia 23218-2499
Tel: (804) 916-7126
Fax: (804) 783-7645
Cameron.Matheson@LeClairRyan.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2008, the foregoing document was served by U.S. mail upon the following:

Mark F. Medeiros
464 Eaton St.
Providence, RI 02908

/s/ Warren D. Hutchison
Warren D. Hutchison

4165045v1