UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARK F. MEDEIROS | ) | |
| | ) | CIVIL ACTION NO.CA 07 425 ML |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| ROBERT E. JOHNSON, ESQ., LAW OFFICES HOWARD LEE SCHIFF, P.C., AND CAPITAL ONE BANK, | ) | |
| Defendants | ) | MARCH 28, 2008 |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
UNDER FED. RULE CIV. PROC. 12(b)(6)

Defendants, Robert E. Johnson, Esq. and Law Offices Howard Lee Schiff P.C. [hereinafter, "HLS"], hereby submit the following Memorandum of Law in Support of the defendants' Motion to Dismiss herein: Plaintiff has also filed with this Court a "Motion for Summary Judgment." Although defendants contend that this Motion is improper, defendants' respectfully request that this Court consider this Motion to Dismiss as an opposition to the plaintiff's Motion for Summary Judgment should that Motion be considered by this Court.

I. BACKGROUND

This is an action commenced by the pro se plaintiff, Mark E. Medeiros claiming multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq., et seq.,* by the defendants.

Mr. Medeiros was the holder of a Capital One credit card that he obtained in 2001. Mr. Medeiros's credit card account was referred to the Law Offices Howard Lee Schiff P.C. by Capital One for collection in 2006 after Mr. Medeiros had defaulted on his payments there under. The

balance referred to HLS was in the sum of $3,062.67 as of July 24, 2006. Suit against Mr. Medeiros was initiated by HLS in the Sixth Division of the Rhode Island District Court. Mr. Medeiros did not appear that lawsuit, and a default judgment was subsequently entered against Mr. Medeiros in the sum of $3,394.16 on May 14, 2007.

An execution was thereafter issued by the Sixth Division and served on Mr. Medeiros to appear on July 3, 2007 for a show cause hearing. On June 28, 2007, Mr. Medeiros contacted HLS to request a continuance of the July 3, 2007 hearing date. At that time, Mr. Medeiros claimed that he had not been notified of judgment. It was agreed that the hearing date would be continued by agreement to July 17, 2007. The hearing date was continued again to August 7, 2007. Mr. Medeiros appeared that the hearing on August 7, 2007. He advised that he wanted more time to speak to an attorney about this case, and the matter was again continued, this time, to September 4, 2007.

Mr. Medeiros sent a letter to HLS that was received on or about September 1, 2007. In the letter, Mr. Medeiros asked if the debt would be reported on his credit bureau report if he paid it. Attorney Johnson appeared at the hearing on September 4 to discuss the matter with Mr. Medeiros. At the hearing, Mr. Medeiros claimed he had no ability to pay this debt, and no assets to satisfy the balance due. Mr. Medeiros was ordered by the Court to pay $25 per month commencing on September 25, 2007.

Upset by the District Court's order, Mr. Medeiros wrote to HLS thereafter requesting that HLS provide him "with payment/balance statement monthly." He also advised HLS that, "I'll be seeing you in federal court." Mr. Medeiros began making monthly payments against this judgment. His first payment of $25.00 was posted by HLS on September 26, 2007, and to date, he has paid $150.00 towards the balance due.

Mr. Medeiros has filed suit against HLS, Attorney Johnson and Capital One in this Court alleging the following claims:

- *First Cause of Action:* Violations of 15 U.S.C. § 1692e and 1692f by providing false and misleading information in letters dated October 7, 2006, November 15, 2006 and February 7, 2007 because each letter requests a lump sum payment and did not itemize the charges.

- *Second Cause of Action:* Violations of 15 U.S.C. § 1692e and 1692f by providing false and misleading information by filing a complaint asking for a lump sum of money and not itemizing the charges.

- *Third Cause of Action:* Violation of 15 U.S.C. §1692j by furnishing deceptive forms, the complaint filed with the Sixth Division of the Rhode Island District Court, when Robert E. Johnson, HLS is the actual plaintiff.

- *Fourth Cause of Action:* Violation of 15 U.S.C. §1692j by furnishing deceptive forms, the summons issued by the Sixth Division of the Rhode Island District Court, when Robert E. Johnson, HLS is the actual plaintiff.

- *Fifth Cause of Action:* Violations of 15 U.S.C. § 1692e and 1692f by providing false and misleading information by filing a an Affidavit of Debt and Verified Bill of Particulars with the Sixth Division of the Rhode Island District Court by not itemizing the charges.

- *Sixth Cause of Action:* Violation of 15 U.S.C. §1692j by furnishing deceptive forms, the Affidavit of Debt and Verified Bill of Particulars of Capital One with the Sixth Division of the Rhode Island District Court, when the actual plaintiff is Robert E. Johnson, HLS.

- *Seventh Cause of Action:* Violation of 15 U.S.C. §1692j by furnishing deceptive forms, the Application for Entry of Default and an Application for Entry of Judgment of Default with the Sixth Division of the Rhode Island District Court, when the actual plaintiff is Robert E. Johnson, HLS.

- *Eighth Cause of Action:* Violation of 15 U.S.C. §1692j by furnishing deceptive form, the Application of Failure to Plead or Otherwise Defend in Support of Application for Entry of Default filed with the Sixth Division of the Rhode Island District Court, when the actual plaintiff is Robert E. Johnson, HLS.

- *Ninth Cause of Action:* Violation of 15 U.S.C. §1692j by furnishing deceptive forms, the Entry of Default ordered by the Sixth Division of the Rhode Island District Court, when the actual plaintiff is Robert E. Johnson, HLS.

- *Tenth Cause of Action:* Violations of 15 U.S.C. §1692e and 1692f based upon the issuance of the Entry of Judgment by the Sixth Division of the Rhode Island District Court on the grounds that it provided false and misleading information by not itemizing the charges or explaining how prejudgment interest was calculated.

- *Eleventh Cause of Action:* Violation of 15 U.S.C. §1692j based upon the furnishing of deceptive forms, the Entry of Judgment issued by the Sixth Division of the Rhode Island District Court, when Robert E. Johnson, HLS is the actual plaintiff.

- *Twelfth Cause of Action:* Violation of 15 U.S.C. §1692j based upon the furnishing of deceptive forms, the Citation in Supplementary Proceedings issued by the Sixth Division of the Rhode Island District Court, when Robert E. Johnson, HLS is the actual plaintiff.

- *Thirteenth Cause of Action:* Violations of 15 U.S.C. §1692e and 1692f based upon the issuance of the Citation in Supplementary Proceedings by the Sixth Division of the Rhode Island District Court on the grounds that it provided false and misleading information by not itemizing the charges or explaining how prejudgment interest was calculated.

As more fully set forth in the Affidavit filed herewith, neither Robert E. Johnson nor HLS is the "actual plaintiff" in the underlying Rhode Island District Court case. These defendants do not have any ownership in this claim. Therefore, the Third, Fourth, Sixth, Seventh, Eighth, Ninth, Eleventh, and Twelfth Counts are defective and must be dismissed. Therefore, the remainder of the Complaint—the First, Second, Fifth, Tenth and Thirteenth Counts—must also be dismissed.

Moreover, there is no sustainable basis for Mr. Medeiros's remaining counts claiming that there has been false or misleading information provided to him by not itemizing or explaining the charges relative to this debt.

None of the plaintiff's remaining claims here state a valid cause of action, as more fully set forth below.

## II. STANDARD OF REVIEW

When reviewing a Rule 12(b)(6) motion, the court must "construe all well-pleaded factual allegations in the complaint in plaintiff's favor and may dismiss the complaint if it appears that the plaintiff can prove no set of facts in support of her claim which would entitled her to relief. *Resnik v. Swartz,* 303 F.3d. 147- 150-51 (2nd Cir. 2002).

III. NO LEGITIMATE CAUSES OF ACTION STATED UNDER THE FEDERAL FAIR DEBT ACT BASED UPON THE CLAIM THAT HLS AND/OR ATTORNEY ROBERT E. JOHNSON ARE THE "ACTUAL PLAINTIFF"

The Fair Debt Act was enacted by Congress to regulate the conduct of debt collectors who regularly seek to recover payment for consumer debts. 15 U.S.C. §1692. By his Third, Fourth, Sixth, Seventh, Eighth, Ninth, Eleventh, and Twelfth Counts, Mr. Medeiros alleges that Attorney Johnson and/or HLS have provided deceptive forms in violation of 15 U.S.C. §1692j 16 U.S.C. §1692j provides as follows:

> (a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.
>
> (b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 1692k of this title for failure to comply with a provision of this subchapter.

in that they are the "actual plaintiff" in the underlying case.

As more fully set forth in the attached Affidavit, neither HLS nor Attorney Johnson are the owners of this debt—the firm is counsel to Capital One Bank for purposes of collecting this debt, but do not have an assignment of any interest in this debt. Therefore, these Counts are defective on their face, and must be dismissed because the forms supplied were not deceptive as alleged by Mr. Medeiros.

IV. NO VALID CAUSES OF ACTION BASED UPON AN ALLEGED FAILURE TO ITEMIZE OR EXPLAIN PREJUDGMENT INTEREST CALCULATION.

The remaining Counts all assert the same basis—that HLS and/or Attorney Johnson somehow violated the Fair Debt Act because they did not itemized the "attorney's fees" that they were seeking to collect or provide an explanation of the charges pursuant to 15 U.S.C. §1692e and f.

Debt collectors under the Fair Debt Act, 15 U.S.C. §1692g 16 U.S.C. §1692g(a) provides as follows:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

, are *required* to state the amount of the debt in the initial communication to the debtor:

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -
>
> (1) **the amount of the debt.**

16 U.S.C. §1692g(a)(1) [emphasis added]. Congress did not specify, as it might have, that the debt collector is required to provide an itemization of the interest being charged or an explanation of the prejudgment interest, or it somehow precluded from advising the debt of a lump sum amount.

However, there are no provisions in either 15 U.S.C. §1692e 15 U.S.C. §1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.
>
> (2) The false representation of -
>
> (A) the character, amount, or legal status of any debt; or
>
> (B) any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to -
>
> (A) lose any claim or defense to payment of the debt; or
>
> (B) become subject to any practice prohibited by this subchapter.
>
> (7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.
>
> (8) Communicating or threatening to communicate to any person credit information that is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
>
> (9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.
>
> (12) The false representation or implication that accounts have been turned over to innocent purchasers for value.
>
> (13) The false representation or implication that documents are legal process.
>
> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.
>
> (15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.
>
> (16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a(f) of this title.

or §1692f 15 U.S.C. §1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if -

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

that provide that the debt collector is prohibited from including in the balance due interest and costs that are otherwise due the creditor under a written agreement between the parties. Indeed, 15 U.S.C. §1692f(1) expressly defines the "collection of any amount" to include, "interest, fee charge, or expense incident to the principal obligation" which is "authorized by the agreement creating the debt or permitted by law." Therefore, it is clear that Congress dealt with costs and interests as part of the obligation or debt.

In each remaining Count, the claim is the same--which the defendants failed to itemize or explain these charges. A debt collector has no obligation to itemize or explain the charges under any provision of the Fair Debt Act. In this instance, Mr. Medeiros was sent a validation notice as the first communication from HLS which included our client's demand for payment of the full balance due on the account and interest due under the credit card agreement. *See* Affidavit of Christopher T. Moylan in Support of Motion to Dismiss. This letter was sent to Mr. Medeiros on October 7, 2006, and it fully complies with the Fair Debt Act, 15 U.S.C. §1692g. Mr. Medeiros specifically agreed to these charges when he signed his application to this credit card. *Id.* This balance did not include any amount for attorney's fees or costs.

There was no request by Mr. Medeiros within the 30-day period or thereafter to validate these charges until after defendant discovered that judgment had entered against him in 2007. At that time, he demanded the balance on his account. *Id.* If Mr. Medeiros had requested a break down of these charges, HLS would have provided him with this information. However, there was no request for explanations or itemizations. Defendants have no independent obligation to provide Mr. Medeiros with this information in the validation notice or suit papers thereafter filed with the Court.

Plaintiff relies upon *Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562 (2004) to support his claims. However, *Fields* does not provide such authority. In *Fields,* the debtor received a demand letter that included "reasonable attorney's fees" of $250. The agreement between the parties provided for the creditor to recover reasonable attorney's fees, but at this preliminary time in the collection action, attorney's fees had not been officially awarded to the creditor along with a judgment. Fields argued that the creditor should have to go to court every time it seeks to enforce an attorney's fee provision and get the award of attorney's fee before it may be demanded by the creditor.

The *Fields* Court held, "Plainly stated, the statute does not require such an extraordinary result." *Id.* at 564. Moreover, the case law does not support such a result. *Id.* at 564-65. The demand of reasonable attorney's fees did not violate the FDCPA. *Id.* at 565. However, the Court did hold that the creditor's dunning letters could mislead an unsophisticated consumer, and therefore, a cause of action was stated. *Id.* at 566.

In the present case, the amount stated as due and owing did not include *any* request for attorney's fees, as in the *Fields* case. The amounts included the principal amount due as well as interest agreed upon under Mr. Medeiros's credit card agreement. Later, the amount include only the charge off balance and costs incurred by Capital One which were also due and owing under

the credit card agreement. There was again no request for reasonable attorney's fees—a request which might have been made by Capital One, but which it waived.

Moreover, HLS has a right to rely upon the information provide by their client when they commenced this litigation on their behalf. In *Smith v, Transworld System, Inc.*, 953 F.2d 1025 (6th Cir. 1992), the debt collector made a mistake as to the amount of the debt because of a clerical error on the part of the creditor. The Sixth Circuit *rejected* the adoption of a requirement that would require an independent investigation by the debt collector prior to collecting the debt. Likewise, the court in *Bible v. Allied Interstate,* 2001 WL 1618494, at *3 (D.Minn. 2001), found it reasonable for a debt collector to rely on the information submitted by a creditor and to believe the creditor's assertion that the debtor had not filed bankruptcy.

Med has assumed that the amount that was added to his balance were for attorney's fees. He is mistaken in this assumption, and therefore, the authority he relies upon does not support his claim. Moreover, there is no requirement that the interest and costs that the creditor claims as due be "itemized" or "explained" to Mr. Medeiros in the validation notice or any of the letters that he received—particularly where the amount was reduced. Had Congress intended debt collectors to itemize each amount claimed, it would have been a simple matter for the it to add to the required language of the validation notice that debt collectors are required to do so. That fact that there is no such requirement in the statute means that debt collectors are simply not required by law to do so in these letters.

Based upon the foregoing, there has been no showing of any violation of any law by HLS, and Count Three must be dismissed.

VIII. CONCLUSION

Plaintiff's Complaint is defective, and must be dismissed. There is no basis for Mr. Medeiros's claim that anyone other than Capital One is the true owner of this debt, and therefore, these Counts must be dismissed. Moreover, the remaining Counts are unsupportable because there is no requirement that HLS "itemize" or "explain" the charges in these letters.

DEFENDANTS, ROBERT E. JOHNSON, ESQ. AND LAW OFFICES HOWARD LEE SCHIFF, P.C.

/s/____________________________
Robert E. Johnson, # 5575
Law Offices Howard Lee Schiff PC
10 Dorrance Street, Suite 515
Providence, Rhode Island 02903
Telephone (401) 861 9991
Fax (401) 861 0246
E-Mail Address: rjohnson@hlschiffpc.com

CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid, this 28th day of MARCH, 2008, to the following counsel of record:

PLAINTIFF
Mark E. Medeiros
464 Eaton Street
Providence, Rhode Island 02908

COUNSEL FOR DEFENDANT, CAPITAL ONE BANK
Warren D. Hutchison
LeClairRyan, A Professional Corporation
One International Place, 11th Floor
Boston, MA 02110

/s/______________________________________
ROBERT E. JOHNSON