# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARK F. MEDEIROS | ) | |
| | ) | CIVIL ACTION NO.CA 07 425 ML |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| ROBERT E. JOHNSON, ESQ. | ) | |
| LAW OFFICES HOWARD LEE SCHIFF, P.C. | ) | |
| | ) | |
| Defendants | ) | |

## OBJECTION TO MOTION TO DISMISS

Comes now the Plaintiff, Mark F. Medeiros and hereby objects to the Defendant's Motion to Dismiss because the motion has not been argued with specificity as it fails to state which sections of Rule 12(b) are applicable or how it is applicable and pursuant to the FDCPA, 15 U.S.C. §1692e and §1692f.

The issues in this instant are not of the alleged debt but with the methods used in the attempt to collect the alleged debt in violation of §1692e and §1692f of the FDCPA by virtue of having presented the Plaintiff and the Rhode Island State District Court with false and misleading information. Since the time of filing, new evidence of wrongdoing has emerged as a result of including Capital One Bank as a Co-Defendant in this case. Defendant's motion stated quickly for a Motion to Dismiss is frivolous and unresponsive to the issues in this instant and is therefore without merit.

To wit Defendant's used a false and misleading Affidavit of Debt and Verified Bill of Particulars dated March 13, 2007 (Exhibit A) presented by one Maisha Davis of Duluth, GA who is a provable

employee of TSYS which is a third party debt collector whose offices are at 2975 Breckenridge Boulevard, Duluth, GA and who has admitted to working for TSYS and a subsidiary of TSYS known as the National Attorney Network yet falsely claimed to work for the Plaintiff in the state court case which was allegedly Capital One Bank which was allegedly filed by Capital One Bank. This affidavit was notarized by one Dudley Turner who is also a provable employee of TSYS which is a third party debt collector. Maisha Davis falsely stated having firsthand knowledge of the alleged account when she could not possibly have any firsthand knowledge of the alleged account. In doing so, Maisha Davis provided the Plaintiff with false and misleading information which was used by Defendant, Law Offices Howard Lee Schiff, P.C. who was represented by employee Robert E. Johnson, Esq.

That is the basis upon now which the Plaintiff brings his complaint upon this honorable court. For that reason the Plaintiff believes that the defendant's Motion to Dismiss is irrelevant, immaterial and frivolous and the Plaintiff moves this Court to deny the Defendant's Motion to Dismiss and order this case to the Rule 26(f) meeting.

Mark F. Medeiros, Pro Se, 4/14/08
464 Eaton St.
Providence, Rhode Island 02908
Telephone (401) 273-9199

**CERTIFICATION OF SERVICE**

I hereby certify that on April 14th, 2008 a copy of the foregoing documents was served by U.S. Mail upon the following: Robert E. Johnson, Esq., and Law Offices Howard Lee Schiff, P.C., 10 Dorrance St. #515, Providence, RI 02903.

Mark F. Medeiros

# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARK F. MEDEIROS | ) | |
| | ) | CIVIL ACTION NO.CA 07 425 ML |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| ROBERT E. JOHNSON, ESQ. | ) | |
| LAW OFFICES HOWARD LEE SCHIFF, P.C. | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION TO DISMISS

Plaintiff, Mark F. Medeiros, hereby submits the following Memorandum of Law in Support of the Plaintiff's Objection to Motion to Dismiss and the Plaintiff respectfully moves this Court to deny the Defendant's Motion to Dismiss because the motion has not been argued with specificity as it fails to state which sections of Rule 12(b)are applicable or how it is applicable and pursuant to the FDCPA, 15 U.S.C. §1692e and §1692f.

## I. BACKGROUND

This is an action commenced by the Pro Se Plaintiff, Mark F. Medeiros alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq., et seq.,* by the Defendants.

The issues in this instant are not of the alleged debt but with the methods used in the attempt to collect the alleged debt in violation of Fair Debt Collection Practices Act, 15 U.S.C. §1692e and §1692f by virtue of having presented the Plaintiff with false and misleading information.

Plaintiff has filed suit against Robert E. Johnson, Esq., Law Offices Howard Lee Schiff, P.C.in this Court alleging the following:

• *First Cause of Action:* Violations of 15 U.S.C. §1692e and §1692f by providing false and misleading information in letters dated October 7, 2006, November 15, 2006 and February 7, 2007 because each letter asked for a lump sum of money and did not itemize the various charges that comprised the total amount of the alleged debt.

***Fileds v. Wilber Law Firm, P.C., 383 F.3d 562 (7th Cir. 2004), "It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably asses the validity of the debt. One simple way to comply with §1692e and §1692f in this regard would be to itemize the various charges that comprise the total amount of the debt."***

• *Second Cause of Action:* Violations of 15 U.S.C. §1692e and §1692f by providing false and misleading information by filing a complaint with the Sixth Division of the Rhode Island District Court which asked for a lump sum of money and did not itemize the various charges that comprised the total amount of the debt of the alleged debt.

***Fields v. Wilber Law Firm, P.C. 383 F.3d 562 (7th Cir. 2004), "It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably asses the validity of the debt. One simple way to comply with §1692e and §1692f in this regard would be to itemize the various charges that comprise the total amount of the debt."***

• *Third Cause of Action:* Violations of 15 U.S.C. §1692e, §1692f and §1692j by providing false and misleading information by filing a false and misleading Affidavit of Debt and Verified Bill of Particulars dated March 13, 2007 (Exhibit A) with the Sixth Division of the Rhode Island District Court in which Maisha Davis of TSYS, a third party debt collector whose offices are at 2975 Breckenridge Boulevard, Duluth, GA falsely claimed to work for the Plaintiff in the state court case which was allegedly Capital One Bank and falsely stated that she had firsthand knowledge of the alleged account when she could not possibly have any firsthand knowledge of the alleged account.

***15 U.S.C. §1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."***

***15 U.S.C §1692f: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."***

***[15 U.S.C. §1692j]: (a) "It is unlawful to design, compile, and furnish and form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is so not participating." (b) "Any person who violates this section shall be liable to the same extent and in the same manner as debt collector is liable under section 813 for failure to comply with a provision of this title."***

The Plaintiff alleges that the Defendant, Robert E. Johnson, Esq. should have known that the Affidavit of Debt and Verified Bill of Particulars dated March 13, 2007 (Exhibit A) was false and misleading and failed to use due diligence placing with the Court what was true and correct. The Defendant's have alleged that they do not have any ownership in this alleged claim. This is irrelevant as the Defendant's are third party debt collectors and are therefore liable under the FDCPA.

## II. STANDARD OF REVIEW

The Defendant's Motion to Dismiss under Rule 12(b)(6) must be stricken as a matter of law because the Defendant's did not argue with specificity and failed to state which sections of Rule 12(b) are applicable or why the Plaintiff cannot prove his case.

***Commonwealth Mortgage Co., 938 F.2d 591, 594 (5th Cir. 1991), "A motion to dismiss under Rule 12(b)(6) is not appropriate unless the plaintiff's pleadings on their face show, beyond a doubt, that the plaintiff cannot prove any set of facts sufficient to entitle him relief."***

## III. PLAINTIFF'S CAUSES OF ACTION ARE AND BASED UPON THE DEFENDANT'S FAILURE TO ITEMIZE THE VARIOUS CHARGES THAT COMPRISED THE TOTAL AMOUNT OF THE DEBT

The Plaintiff asserts in the remaining Counts that Law Offices Howard Lee Schiff, P.C. and/or Robert E. Johnson, Esq. did violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692e and §1692f by providing false and misleading information because they did not itemize the various charges that comprised the total amount

of the alleged debt.

The Plaintiff was sent a validation notice from Law Offices Howard Lee Schiff, P.C. which included their client's demand for payment of the full balance allegedly due on the account but did not include interest due under the alleged credit card agreement. This letter was sent to the Plaintiff on October 7, 2006, and it did not fully comply with the Fair Debt Collection Practices Act, 15 U.S.C. §1692e and §1692f as it did not itemize the various charges that comprised the total amount of the debt.. The Plaintiff could not have possibly known that the validation notice did not include any amount for attorney's fees or costs because only a balance due was contained in the validation notice. The Defendant's emphasized 15 U.S.C. §1692g(a)(1) and stated that Congress did not specify that the debt collector is required to provide an itemization of the interest being charged or an explanation of the prejudgment interest, or it somehow precluded from advising the debt of a lump sum amount. Congress left it up to the Courts to decide issues such as this. A debt collector does have an obligation to itemize the various charges that comprise the total amount of the alleged debt. The Plaintiff relies upon ***Fields v. Wilber Law Firm, P.C., 383 F.3d 56 (2004)*** to support his claims. The ***Fields*** Court did hold that the creditor's dunning letters could mislead an unsophisticated consumer, and therefore, a cause of action was stated.

***Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (2004), "We conclude that Fields has made allegations sufficient to state a claim under §1692e and §1692f and a dismissal pursuant to Federal Rule of Civil Procedure 12 (b)(6) was inappropriate because the letters could conceivably mislead an unsophisticated consumer."***

The ***Fields*** Court also held that one simple way to comply with §1692e and §1692f would be to itemize the various charges that comprise the total amount of the debt.

***Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (2004), "It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably asses the validity of the debt. One simple way to comply with §1692e and §1692f in this regard would be to itemize the various charges that comprise the total amount of the debt."***

The authority the Plaintiff relies upon does support his claim and there has been showing of violation of law by Law Offices Howard Lee Schiff, P.C. because they provided false and misleading information to the Plaintiff in the validation notice by not itemizing the various charges that comprised the total amount of the alleged debt.

The fact that there was no request by the Plaintiff to validate the alleged debt after receiving the validation notice within the 30-day period or thereafter is not to be construed by any court as an admission of liability to the consumer according to 15 U.S.C. §1692(g)(c).

***15 U.S.C. §1692(g)(c): "The failure of a consumer to dispute the validity of the debt under this section may not be construed by any court as an admission of liability to the consumer."***

The affidavit of Christopher T. Moylan must be stricken as a matter of law because it contains references to points of law which is inappropriate in an affidavit and because he cannot possibly have firsthand knowledge of the alleged account.

**IV. PLAINTIFF'S CAUSES OF ACTION ARE BASED UPON THE USE OF A FALSE AND MISLEADING AFFIDAVIT BY THE DEFENDANT'S**

Since the time of filing, new evidence of wrongdoing has emerged as a result of including Capital One Bank as a Co-Defendant in this case. To wit Defendant's used a false and misleading Affidavit of Debt and Verified Bill of Particulars dated March 13, 2007 (Exhibit A) presented by one Maisha Davis of Duluth, GA who is a provable employee of TSYS which is a third party debt collector whose offices are at 2975 Breckenridge Boulevard, Duluth,GA and who has admitted working for TSYS and a subsidiary of TSYS known as the National Attorney Network yet falsely claimed to work for the Plaintiff in the state court case which was allegedly Capital One Bank which was allegedly filed by Capital One Bank. This affidavit was notarized by one Dudley Turner who is also a provable employee of TSYS. Maisha Davis falsely stated having firsthand knowledge of the alleged account when

she could not possibly have any firsthand knowledge of the alleged account. In doing so, Maisha Davis provided the Plaintiff with false and misleading information which was used by the Defendant Law Offices Howard Lee Schiff, P.C. who was represented by their employee Robert E.Johnson, Esq. The use of this false and misleading affidavit by the Defendant's violates 15 U.S.C. §1692e, 15 U.S.C. §1692f and 15 U.S.C 1692j:

***15 U.S.C. §1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."***
***15 U.S.C. §1692f: " A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."***
***[15 U.S.C. §1692j]: (a) "It is unlawful to design,compile, and furnish any form knowing that such form would be used to create the false belief that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." (b) "Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 813 for failure to comply with a provision of this title."***

**V. CONCLUSION**

Robert E. Johnson, Esq. failed to use due diligence placing with the Court what was true and correct and since he obviously got his information from TSYS he did not use due diligence and he should have known this was false and misleading information. The Plaintiff believes that the Defendant's Motion to Dismiss is irrelevant, immaterial and frivolous and the plaintiff moves this Court to deny the Defendant's Motion to Dismiss and to order this case to the Rule 26(f) meeting.

Mark F. Medeiros, Pro Se, 4/14/08
464 Eaton St.
Providence, Rhode Island 02908
Telephone (401) 273-9199

EXHIBIT A

CAPITAL ONE BANK , Plaintiff

V. NO.

MARK F MEDEIROS , Defendant

AFFIDAVIT OF DEBT AND VERIFIED BILL OF PARTICULARS

The undersigned being duly sworn deposes and says that he/she is responsible for the accounts receivable of the Plaintiff and as such is familiar with the facts herein and that based on his/her personal knowledge the Defendant(s) is (are) justly indebted to the Plaintiff as follows:

1. The defendant is not now in the military service of the United States as defined in Article I of the " "Soldiers and Sailor's Civil Relief Act of 1940" as amended nor an infant, incompetent or infirm

2. That on or before 10/05/06 the Defendant(s) became indebted to the Plaintiff in the sum of $3,062.67 according to the books and records of the plaintiff on the defendants account # 4036942066104988.

3. That up to and including the date of March 7, 2007 the Defendant(s) paid a total of $0 on said debt, leaving a balance of $3,062.67

4. The agreement between the parties provides for interest calculated at 12.000 % per annum from 10/05/06 to March 7, 2007 which sum is $154.06

5. Said agreement also provides for reasonable attorney's fee which sum is $0

Defendant(s) is (are) entitled to no defenses, setoffs or counterclaims.

Maisha Davis

MEDIA SERVICES REPRESENTATIVE

Subscribed and sworn to me this ________ day of MAR 13 2007 20

Notary Public, Commission Expires:

RU CN-M69309

Dudley Turner
Notary Public, Dekalb County, Georgia
My Commission Expires January 19, 2009

## CERTIFICATION OF SERVICE

I hereby certify that on April 14th, 2008 a copy of the foregoing documents was served by U.S. Mail upon the following: Robert E. Johnson, Esq., and Law Offices Howard Lee Schiff, P.C., 10 Dorrance St. #515, Providence, RI 02903.

Mark F. Medeiros