# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARK F. MEDEIROS<br><br>Plaintiff<br>v.<br><br>ROBERT E. JOHNSON, ESQ., LAW OFFICES HOWARD LEE SCHIFF, P.C., TSYS TOTAL DEBT MANAGEMENT INC. d/b/a NATIONAL ATTORNEY NETWORK,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.CA 07 425 ML |

## PLAINTIFF'S AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE FAIR CREDIT REPORTING ACT.

This Honorable Court has jurisdiction in this instant matter under the auspices of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act and U.S.C., Title 28, §1331 and U.S.C., Title 28, §1332(b).

***U.S.C., Title 28, §1331. Federal question. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.***

***U.S.C.,Title 28, §1332. Diversity of citizenship; amounts in controversy; costs. (b) Except where express provision therefor is otherwise made in statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.***

# CAUSES OF ACTION

Causes for Action against Defendants, Robert E. Johnson, Esq., Law Offices Howard Lee Schiff, P.C. and the National Attorney Network are as follows:

## FIRST CAUSE OF ACTION

Comes now the Plaintiff, Mark F. Medeiros and hereby complains and alleges that the Defendant, Law Offices Howard Lee Schiff, P.C. did violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692e and §1692f by providing false and misleading information by mailing a dunning letter to the Plaintiff dated October 6, 2006 (Exhibit A) which asked for a lump sum of money and did not itemize the various charges that comprised the total amount of the debt.

The Plaintiff relies upon ***Fields v. Wilber Law Firm, P.C., 383 F.3d 56 (2004)*** to support his complaint. The ***Fields*** Court held that the creditor's dunning letters could mislead an unsophisticated consumer, and therefore, a cause of action was stated.

***Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (2004), "We conclude that Fields has made allegations sufficient to state a claim under §1692e and §1692f and a dismissal pursuant to Federal Rule of Civil Procedure 12 (b)(6) was inappropriate because the letters could conceivably mislead an unsophisticated consumer."***

The ***Fields*** Court also held that one simple way to comply with §1692e and §1692f would be to itemize the various charges that comprise the total amount of the debt.

***Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (2004), "It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably asses the validity of the debt. One simple way to comply with §1692e and §1692f in this regard would be to itemize the various charges that comprise the total amount of the debt."***

## SECOND CAUSE OF ACTION

Comes now the Plaintiff, Mark F. Medeiros and hereby complains and alleges that the Defendant, Robert E. Johnson, Esq. did violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692e and §1692f by providing false and misleading information by filing a complaint dated November 21, 2006 with the Sixth Division of the Rhode Island District Court (Exhibit B) which asked for a lump sum of money ($3,062.67) and did not itemize the various charges that comprised the total amount of the debt.

The Plaintiff relies upon ***Fields v. Wilber Law Firm, P.C., 383 F.3d 56 (2004)*** to support his complaint. The ***Fields*** Court held that one simple way to comply with §1692e and §1692f would be to itemize the various charges that comprise the total amount of the debt.

***Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (2004), "It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably asses the validity of the debt. One simple way to comply with §1692e and §1692f in this regard would be to itemize the various charges that comprise the total amount of the debt."***

## THIRD CAUSE OF ACTION

Comes now the Plaintiff, Mark F. Medeiros and hereby complains and alleges that the Defendants, the National Attorney Network and Robert E. Johnson, Esq. did violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692e and §1692j by preparing and filing a false and misleading Affidavit of Debt and Verified Bill of Particulars dated March 13, 2007 (Exhibit C) with the Sixth Division of the Rhode Island District Court. This Affidavit was presented by one Maisha Davis who is a provable employee of the Defendant, National Attorney Network yet falsely stated to work for the Plaintiff in the state court case which was allegedly Capital One Bank which was allegedly filed by Capital One Bank.

Defendant NAN is a Georgia corporation with offices at 6356 Corley Road, Norcross, GA 30071. It does

business in Rhode Island. Its registered agent and office are Corporation Service Company, 222 Jefferson Boulevard, Suite 200, Warwick, R.I. 02888.

NAN describes its business activities on its web site (www.tsys.com) as follows:

Created by TSYS Debt Management (TDM), the National Attorney Network (NAN®) enables clients to manage large volumes of legal accounts with fewer employees and at a minimal cost. Accounts are routed to top attorney firms in all50 states and Puerto Rico for immediate suit. Through the innovative use of technology, performance is tracked, and accounts are forwarded and recalled systemically.

Service is tailored to each creditor - for some that means NAN relationship analysts actively manage the attorney relationship, and for others, NAN provides the tools for creditors to better manage their attorneys. NAN has established a connection with all member firms that ensures daily reporting of information and enables the execution of specific routines built to create efficiencies for both clients and firms.

**NAN Services**

Scoring: Creditors reap the rewards of immediate dollars collected - without money spent on court costs - and the continued revenue stream as judgments are awarded and collected.

Performance Standards: In order to join NAN, attorney firms agree to adhere to the NAN Performance Standard, which can be customized to each client's goals and objectives. Standards ensure the ability to automate tracking and legal performance.

Electronic Funds Transfers: NAN pulls collection dollars from each attorney firm's bank account on a daily basis, and reconciles and pushes net recoveries to creditor bank accounts electronically. Clients are provided with a single, easily manageable remittance.

Electronic Auditing: Attorneys update NAN electronically on a daily basis with their activities, allowing timely reporting on all financial and nonfinancial activity, such as days-until service, suit and judgment.

NAN.net: NAN provides online access to account-level information. A host of reports are available online as well as specialized data mining services.

Geominer®: With this geographical-based software, creditors can review the status of accounts placed with attorneys anywhere in the United States. Performance and activity data are available on national, state, county and individual account levels.

DebtQuerySM: Creditors can define queries on portfolios to generate scenarios and strategies that can maximize recovery. DebtQuery can be used to generate lists for audit purposes, status research and viewing activity at the account level.

On-line Affidavit Database: This feature allows clients to produce, track and deliver affidavits to attorneys, significantly reducing the time between filing suit and collecting money. The database also decreases the incidence of lost documentation, resulting in improved cash flow.

SmartSIFSM: This innovative, Internet tool provides creditors with a systemic, rapid response to settlement offers that fall below the blanket authority.

Monthly Reports: NAN provides a full complement of performance reports on a monthly basis, including batch tracks, firm report cards, collection reports and multiple NAN reports.

NAN also provides superior collection support services to banking, finance and retail firms, auto lenders, debt buyers, and telecommunication companies. Utilizing teams of experienced professionals, NAN works directly with the client to implement successful recovery strategies.

Welcome to the proven nationwide legal process that has recovered millions of dollars thought to be unrecoverable for the country's largest creditors and debt buyers.

TSYS Total Debt Management, Inc. also sends collection letters and places collection calls as a regular part of its business. The mails and interstate wire communications are used to conduct the business of NAN. NAN is a debt collector as defined in the FDCPA.

On November 21, 2006, a lawsuit was filed in the name of Capital One Bank against Mark F. Medeiros in the Sixth Division of the Rhode Island District Court, case no. 06-12943, for the purpose of collecting an alleged credit card debt incurred for personal, family or household purposes.

The affidavit represented by Exhibit C is a form affidavit regularly filed in collection actions brought in the name of Capital One Bank in Rhode Island.

Maisha Davis is in fact an employee of NAN and is not an employee of Capital One Bank. Maisha Davis and other employees of NAN are not qualified to testify about the computer records of Capital One Bank or the procedures used by Capital One Bank to generate computer records. Exhibit C did not disclose the fact that Maisha Davis is an employee of NAN and not Capital One Bank. By describing the affiant as being responsible for the accounts receivable of the Plaintiff, without identification of the company for which the affiant works, the affidavit in the form of Exhibit C conceals the identity of the business preparing the document, NAN, and appears to come from Capital One Bank. The fact that the affiant is not employed by Capital One Bank is material, since knowledge of that fact leads one to question how they could possibly testify about Capital One's records and accounts. The mails and interstate wire communications are used to send affidavits in the form represented by Exhibits C.

**VIOLATIONS COMPLAINED OF**

The FDCPA, 15 U.S.C. §1692e, states:

***A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .***

***(10)The use of any false representation or deceptive means to collector attempt to collect any debt or to obtain information concerning a consumer. . . .***

***(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, organization. . . .***

The FDCPA, 15 U.S.C. §1692j, states:

***[15 U.S.C. §1692j]: (a) It is unlawful to design,compile, and furnish any form knowing that such form would be used to create the false belief that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating. (b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 813 for failure to comply with a provision of this title.***

Exhibit C did not disclose the fact that the signatory is an employee of NAN. By describing the affiant as being responsible for the accounts receivable of the Plaintiff, without identification of the company for which the affiant works, the affidavit in the form of Exhibit C conceals the identity of the business preparing the document, NAN, and amount to the use by NAN of a business, company, or organization name ("Capital One") other than the true name of the debt collector's business, company, or organization.

The Defendant, Robert E. Johnson Esq. failed to use due diligence filing with the Court what was true and correct and since he obviously got information from the National Attorney Network he did not use due diligence and he should have know this was false and misleading information.

**FOURTH CAUSE OF ACTION**

Comes now the Plaintiff, Mark F. Medeiros hereby complains and alleges that the Defendant, Law Offices of Howard Lee Schiff, P.C. did violate the Fair Credit Reporting Act, 15 U.S.C. §1681b(f) by pulling the Plaintiff's TransUnion credit report (Exhibit D) on July 10, 2007 to get information useful to ongoing litigation.

***[15 U.S.C. §1681b(f)] Certain use or obtaining of information prohibited: A person shall not use or obtain a consumer report for any purpose unless***

***(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section;***

15 U.S.C. §1681b does not list litigation as a permissible purpose for obtaining or using a credit report. The Plaintiff relies on the following court cases to support his complaint:

***Rice v. Montgomery Ward & Co., Inc. 450 F. Supp. 688, 670-72 (M.D. N.C. 1978) (improper to obtain credit report after suit filed for use in litigation);***

***Bils v. Nixon, Hargrave, Devans & Doyle, 880 P.2d 743 (Ariz. App. 1994) (improper to get report to discover information which might be used in litgation); Duncan v. Handmaker, 149 F.3d 424, 426-28 (6th Cir. 1998) (no legitimate business needs to obtain report to prepare for litigation); Bakker v. Mckinnon, 152 F.3d 1007, 1011-12 (8th Cir. 1998) (same);***

***Auriemma v. Montgomery, 860 f.2d 273, 279, 280-281 (7th Cir. 1998) (extra-judicial investigation by attorneys improper; no privilege);***

***Mone v. Dranow, 945 F.2d 306, 308 (9th Cir. 1991) (obtaining credit report to investigate for purposes of litigation improper);***

***Boothe v. TRW Credit Data, 557 F. Supp. 66, 70-71 (S.D.N.Y. 1982); Rylewicz v. Beaton Services, Ltd., 698 F. Supp.. 1391, 1400 n. 10 (N.D. III. 1988), aff'd 888F.2d 1175, 1181 (7th Cir. 1989); Houghton v. N.J. Maunfacturer's Ins. Co., 795 F.2d 1144, 1149 (3d Cir. 1986) (obtaining report after litigation for use in litigation improper).***

By not having a permissible purpose to pull the Plaintiff's TransUnion credit report, Law Offices Howard Lee Schiff, P.C. violated 15 U.S.C. §1681n, §1681o and §1681q.

***[15 U.S.C. §1681n] Civil liability for willful non compliance:***

***(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of***

> ***(1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or***
>
> ***(B) in the case of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000 whichever is greater;***
>
> ***(2) such amount of punitive damages as the court may allow; and***
>
> ***(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.***

***(b) Civil liability for knowing noncompliance. Any person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.***

***(c)Attorney's fees. Upon finding by the court that an unsuccessful pleading, motion,or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended to the pleading, motion, or other paper.***

***[15 U.S.C. §1681o] Civil liability for negligent noncompliance:***

***(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of***

> ***(1) any actual damages sustained by the consumer as a result of the failure; and***
>
> ***(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.***

***(b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.***

***[15 U.S.C. §1681q] Obtaining information under false pretenses:***

***Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, United States Code, imprisoned for not more than 2 years, or both.***

## FIFTH CAUSE OF ACTION

Comes now the Plaintiff, Mark F. Medeiros hereby complains and alleges that the Defendant, Robert E. Johnson, Esq. did violate the Fair Debt Collection Practices Act, 15 U.S.C., §1692e(11) by contacting the Plaintiff by telephone at his place of residence on April 24, 2008 at approximately 4:30P.M. and leaving a recorded message on his answering machine asking to discuss a settlement offer without stating in his message that the

communication was from a debt collector. The Plaintiff returned Mr. Johnson's telephone call on April 24, 2008 at approximately 4:45P.M. and once again Mr. Johnson failed to disclose to the Plaintiff that the communication was from a debt collector.

***15 U.S.C. §1692e(11): The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, <u>and the failure to disclose in subsequent communications that the communication is from a debt collector</u>, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.***

## MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff, Mark F. Medeiros and for the above reasons hereby motions this Honorable Court to grant this Plaintiff summary judgment against the Defendants for the violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. Plaintiff hereby states and complains that the Defendants have also caused the Plaintiff great damage in the form of defamation of credit and denial of extension of credit (Exhibit E) as a result and seeks such monetary relief as the Court deems reasonable and just under the circumstances.

______________________________
Judge

Mark F. Medeiros, Pro Se, 5/8/08
464 Eaton St.
Providence, RI 02908
401-273-9199

**CERTIFICATE OF SERVICE**

I hereby certify that on May8th, 2008 a copy of the foregoing documents was served by U.S. Mail upon the following: Robert E. Johnson, Esq., and Law Offices Howard Lee Schiff, P.C., 10 Dorrance St. #515, Providence, RI 02903.

Mark F. Medeiros

EXHIBIT A

LAW OFFICES
HOWARD LEE SCHIFF, P.C.

510 TOLLAND STREET - POST OFFICE BOX 280245 - EAST HARTFORD, CT 06128-0245
TELEPHONE (860) 528-9991 - FAX (860) 528-7602

340 MAIN STREET - SUITE 959 - WORCESTER, MA 01608-1603
TELEPHONE (508) 753-9991 - FAX (508) 753-0260

10 DORRANCE STREET - SUITE 515 - PROVIDENCE, RI 02903-2018
TELEPHONE (401) 861-9991 - FAX (401) 861-0246

EAST HARTFORD, CONNECTICUT
PORTLAND, MAINE
WORCESTER, MASSACHUSETTS
CONCORD, NEW HAMPSHIRE
PROVIDENCE, RHODE ISLAND
RUTLAND, VERMONT

October 7, 2006
MARK F MEDEIROS :
RE: CAPITAL ONE BANK
DEBTOR: MARK F MEDEIROS
CN: M69309 R1 Balance Due: $3,722.20

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY FURTHER INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

We suggest that you call us at (866) 234-7606 to make a payment over the phone or mail us a check or money order for the balance due payable to "Law Offices Howard Lee Schiff, P.C." unless you intend to exercise your rights as stated in the Validation Notice below. All questions and payments should be directed to this firm. Please reference the CN number M69309in any corresponsence with this office. You may also make payments via out Internet payment site WWW.PAYSCHIFF.COM.

VALIDATION NOTICE

If you do not dispute the validity of the debt, or any portion thereof, within 30 days of the receipt of this letter, we will assume it is valid. If you dispute the validity of this debt or any portion thereof, in writing within 30 days of receipt of this letter, we will obtain and mail you verification of the debt or a copy of a judgment against you. At your request, in writing within 30 days of receipt of this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

Respectfully,

Law Offices Howard Lee Schiff, P.C.

To assure proper credit, simply write the "CN" number shown above on the bottom of your payment, and return it with this part of this letter in the enclosed reply envelope.

MARK F MEDEIROS
464 EATON ST

PROVIDENCE RI 02908

October 7, 2006
RE: CAPITAL ONE BANK

CN: M69309
Balance: $3,722.20

EXHIBIT B

STATE OF RHODE ISLAND
PROVIDENCE S.C.

DISTRICT COURT DEPARTMENT

SIXTH DIVISION

CAPITAL ONE BANK
Plaintiff

V.

C.A. NO.

MARK F MEDEIROS
Defendant

COMPLAINT

1. On or before 10/05/06 the defendant became indebted to the plaintiff in the sum of $3,062.67 for charges and/or cash advances incurred on defendant's credit account.

2. Despite demand, the balance of $3,062.67 remains wholly unpaid and the defendant has failed and continues to fail to make payment.

3. Provisions of the credit agreement between the parties may provide for interest on any unpaid balance.

4. Said agreement is still owned by the plaintiff.

WHEREFORE, the plaintiff demands judgment against the defendant for damages in the amount of $3,062.67 plus interest, and costs, all as provided for by said agreement.

Plaintiff

By

Robert E Johnson Esq.#5575
LAW OFFICES HOWARD LEE SCHIFF, P.C.
10 Dorrance St, Suite 515
Providence, RI 02903-2018
(401) 861-9991
Its Attorneys

DISTRICT COURT OF R.I.
SIXTH DIVISION
FILED
DEC 04 2006
LORRAINE A. ALFONSO
CLERK

Dated November 21, 2006

THIS COMMUNICATION IS FROM A DEBT COLLECTOR
RW CN-M69309

EXHIBIT C

CAPITAL ONE BANK , Plaintiff

V. NO.

MARK F MEDEIROS , Defendant

AFFIDAVIT OF DEBT AND VERIFIED BILL OF PARTICULARS

The undersigned being duly sworn deposes and says that he/she is responsible for the accounts receivable of the Plaintiff and as such is familiar with the facts herein and that based on his/her personal knowledge the Defendant(s) is (are) justly indebted to the Plaintiff as follows:

1. The defendant is not now in the military service of the United States as defined in Article I of the " "Soldiers and Sailor's Civil Relief Act of 1940" as amended nor an infant, incompetent or infirm

2. That on or before 10/05/06 the Defendant(s) became indebted to the Plaintiff in the sum of $3,062.67 according to the books and records of the plaintiff on the defendants account # [redacted].

3. That up to and including the date of March 7, 2007 the Defendant(s) paid a total of $0 on said debt, leaving a balance of $3,062.67

4. The agreement between the parties provides for interest calculated at 12.000 % per annum from 10/05/06 to March 7, 2007 which sum is $154.06

5. Said agreement also provides for reasonable attorney's fee which sum is $0

Defendant(s) is (are) entitled to no defenses, setoffs or counterclaims.

Maisha Davis

MEDIA SERVICES REPRESENTATIVE

Subscribed and sworn to me this ________ day of MAR 13 2007 20

Notary Public, Commission Expires:

Dudley Turner
Notary Public, Dekalb County, Georgia
My Commission Expires January 19, 2009

RU CN-M69309

EXHIBIT D



**SALLIE MAE #28604103106F**
PO BOX 9500
WILKES BARRE, PA 18773-9500
(888) 272-5543

**Balance:** $0
**Date Updated:** 11/1999
**High Balance:** $750
**Terms:** MONTHLY $10

**Pay Status:** PAID OR PAYING AS AGREED
**Account Type:** INSTALLMENT ACCOUNT
**Responsibility:** INDIVIDUAL ACCOUNT
**Date Opened:** 02/1990
**Date Closed:** 11/1999

**Loan Type:** STUDENT LOAN
**Remarks:** TRANSFERRED TO ANOTHER LENDER

**SALLIE MAE #28604103107F**
PO BOX 9500
WILKES BARRE, PA 18773-9500
(888) 272-5543

**Balance:** $0
**Date Updated:** 11/1999
**High Balance:** $2,500
**Terms:** MONTHLY $35

**Pay Status:** PAID OR PAYING AS AGREED
**Account Type:** INSTALLMENT ACCOUNT
**Responsibility:** INDIVIDUAL ACCOUNT
**Date Opened:** 02/1990
**Date Closed:** 11/1999

**Loan Type:** STUDENT LOAN
**Remarks:** TRANSFER

## Regular Inquiries

The following companies have received your credit report. Their inquiries remain on your credit report for two years.

**WASHINGTON MUTUAL VIA WASHINGTON MUTUAL**
4 EXECUTIVE CAMPUS
CHERRY HILL, NJ 08002
(800) 648-2513
**Requested On:** 01/28/2008 **Inquiry Type:** INDIVIDUAL
**Permissible Purpose:** CREDIT TRANSACTION

**CA/J ANTHONY CAMBECE (47**
4340 S MONACO ST
DENVER, CO 80237
(303) 296-3345
**Requested On:** 08/09/2007 **Inquiry Type:** INDIVIDUAL

**ATTY HOWARD L SCHIFF**
1205 MAIN ST
POB 280245
EAST HARTFORD , CT 06108
(860) 528-9991
**Requested On:** 07/10/2007 **Inquiry Type:** INDIVIDUAL

**BRACHFELD ASSOCIATES**
20300 S VERMONT AV
STE 120
TORRANCE, CA 90502
(888) 856-2120
**Requested On:** 06/29/2007 **Inquiry Type:** INDIVIDUAL

**NCO FINANCIAL SYSTEMS**
507 PRUDENTIAL ROA
HORSHAM, PA 19044
(888) 207-3081
**Requested On:** 03/11/2007 **Inquiry Type:** INDIVIDUAL

**NCO FINANCIAL SYSTEMS**
507 PRUDENTIAL ROA
HORSHAM, PA 19044
(888) 207-3081
**Requested On:** 09/15/2007 **Inquiry Type:** INDIVIDUAL

**WELTMAN WEINBERG,REIS**
965 KEYNOTE CIRCLE
BROOKLYN HTS, OH 44131
(216) 739-5100
**Requested On:** 07/12/2007 **Inquiry Type:** INDIVIDUAL

**WELTMAN WEINBERG REIS**
965 KEYNOTE CIRCLE
BROOKLYN, OH 44131
Phone number not available
**Requested On:** 07/02/2007 **Inquiry Type:** INDIVIDUAL
**Permissible Purpose:** COLLECTION

**FIRST PREMIER BANK**
900 W DELAWARE
PO BOX 5114
SIOUX FALLS, SD 57117
(605) 357-3440
**Requested On:** 06/09/2007 **Inquiry Type:** INDIVIDUAL

## Promotional Inquiries

The companies listed below received your name, address and other limited information about you so they could make a firm offer of credit or insurance. They did not receive your full credit report. These inquiries are not seen by anyone but you and do not affect your score.

**WARRANTY ACTIVATION HEAD** **Requested On:** 10/2007
12244 TESSON FERRY ROAD
SAINT LOUIS, MO 63128
(800) 376-5553

**CREDIT CARD PROTECTION A** **Requested On:** 06/2007
4501 FORBES BLVD
LANHAM, MD 20706-4326
Phone number not available

EXHIBIT E



American Express

Manage Your Accounts

Select Another Account

**American Express**
PO Box 31525
Salt Lake City, UT 84131

November 16, 2007

Reference: 2007320 60 02996 USD

Dear Mark F Medeiros:

Thank you for your recent application for the American Express® Preferred Rewards Gold Card. We do value your desire to establish a relationship with us. We regret that we are unable to approve your request for the following reason(s):

Information received from Experian Consumer Reporting Agency (See below)

The factors provided by the consumer reporting agency that affected our decision are:

Charge off within the last two years
Collection item in the last two years
Unsatisfied account 90+ days past due with a balance of $200+ greater than 1 year

Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency(ies) listed in this letter. Please understand that the reporting agency(ies) played no part in our decision and cannot supply you with specific reasons why we denied credit to you. You have a right under the Fair Credit Reporting Act to obtain a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. If you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Enclosed is an important notice concerning your rights. The creditor is American Express Centurion Bank.

It has been our experience that applicants who do not meet our basic requirements at one time may qualify later on. We invite you to submit a new application at a later date when your circumstances have changed.

**Was this e-mail helpful?** Please help us improve our online communication to you. Click here to provide feedback.
Thank you for your interest in our service.

Sincerely,

EXHIBIT E

Donna Potts

Donna Potts
New Accounts Department

DP/ag

**Experian**
P.O. Box 2002
Allen, TX 75013
1 888 397 3742
www.experian.com/ra

**IMPORTANT NOTICE CONCERNING YOUR RIGHTS**

**Notice to U.S. Residents.**
The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning American Express Centurion Bank is the FDIC Consumer Response Center, 2345 Grand Boulevard, Suite 100, Kansas City, MO 64108. The federal agency that administers compliance with this law concerning American Express Bank, FSB is the Office of Thrift Supervision, P.O. Box 7165, San Francisco, CA 94120-7165. The federal agency that administers compliance with this law concerning American Express TRS Co., Inc. is the Federal Trade Commission, Equal Credit Opportunity, Washington D.C. 20580.

**Notice to Ohio Residents.**
The Ohio state laws against discrimination require that all creditors make credit equally available to all creditworthy customers and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

**Notice to WashingtonResidents.**
The Washington state laws against discrimination prohibit discrimination in credit transactions because of race, creed, color, national origin, sex, or marital status. The Washington State Human Rights Commission administers compliance with this law.

UGNEUGNU0002001

View Corporate Entities and Important Disclosures, Web Site Rules and Regulations, Trademarks, and Privacy Statement. Copyright © 1995-2003 American Express Company. All Rights Reserved. Users of this site agree to be bound by the terms of the American Express Web Site Rules and Regulations.