**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **MARK MEDEIROS**<br>**Plaintiff,**<br><br>**v.**<br><br>**ROBERT E. JOHNSON, ESQ., LAW OFFICES HOWARD LEE SCHIFF, P.C., TSYS TOTAL DEBT MANAGEMENT, INC. d/b/a NATIONAL ATTORNEY NETWORK,**<br>**Defendants.** | **CA No.: 07 425 ML** |

**DEFENDANT TSYS TOTAL DEBT MANAGEMENT, INC. d/b/a NATIONAL ATTORNEY NETWORK'S MEMORANDUM IN SUPPORT OF ITS RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT**

NOW COMES the Defendant, TSYS Total Debt Management, Inc. d/b/a National Attorney Network ("Defendant"), and hereby submits its Memorandum of Law in Support of its Rule 12(e) Motion for More Definite Statement. As grounds in support of its Motion, the Defendant states the following:

## I. Background

On or about June 5, 2008, the Plaintiff filed his Amended Complaint for Violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act (hereinafter referred to as "Amended Complaint"). The Amended Complaint contains five causes of action, of which, only the third cause of action, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692(e) and 1692(j), is made against the Defendant. *Amended Complaint* at page 3. The Amended Complaint contains no numbered paragraphs, makes no direct allegations or claims against the Defendant, fails

to make a claim showing the Plaintiff is entitled to relief, and fails to make a demand for relief sought. Furthermore, the Plaintiff's Amended Complaint is so vague and ambiguous that the Defendant is unable to determine what exactly the Plaintiff's allegations are. As a result, based on the foregoing defects, the Defendant is unable to reasonably prepare a response to the Amended Complaint until the Plaintiff submits a more definite statement.

## II. Argument

### A. The Plaintiff Should be Required to Submit a More Definite Statement Because the Defendant Cannot Reasonably Prepare a Response to Plaintiff's Pleading.

The Plaintiff's Amended Complaint is so vague and ambiguous that the Defendant is unable to determine what allegations are made against it, and the Defendant is unable to reasonably prepare a response to the Plaintiff's pleading. Rule 12(e) states that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The Amended Complaint is defective in this case because it fails to put the Defendant on notice of what the Plaintiffs claims against the Defendant are, fails to make a demand for relief on the Defendant, and is not properly formatted in numbered paragraphs as required by the federal rules.

According to Fed.R.Civ.P. 8(a), a pleading must contain: (1) a short and plain statement showing that the pleader is entitled to relief, and (2) a demand for judgment. Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema,* 534 U.S. 506, 512, 122 S.Ct. 992, 988, 152 L.Ed.2d 1 (2002) ( *quoting Conley v. Gibson,* 355 U.S. 41, 47, 78

S.Ct. 99, 2 L.Ed.2d 80 (1957)). The notice pleading standard relies on discovery to define disputed facts and summary judgment to dispose of unmeritorious claims. *Swierkiewicz,* 534 U.S. at 512. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168-69, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). If a pleading fails to specify the allegation in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. *Swierkiewicz,* 534 U.S. at 514. The general notice pleading requirements apply to all civil actions, except for averments of fraud or mistake, which must be pled with particularity. Fed.R.Civ.P. 9(b).

Here, the Amended Complaint fails to give the Defendant any notice of the Plaintiff's claims against it or the grounds upon which the claims might rest, thus, requiring a more definite statement. It is difficult to determine what claims the Plaintiff makes because the Amended Complaint is not made in numbered paragraphs as required by Fed.R.Civ.P. 10(b). The Third Cause of Action of the Amended Complaint, which appears to be the only count against the Defendant, fails to directly make an allegation against the Defendant. Without making a direct claim against the Defendant, upon which the Plaintiff believes he is entitled to relief, the Plaintiff has failed to meet the basic notice pleading requirements under the federal rules.

The Plaintiff's Amended Complaint also lacks numbered paragraphs as required by the federal rules so that the Defendant can respond to the Complaint. The Defendant is unable to locate any specific allegation made against it and cannot reasonably respond to the Amended Complaint in its current format.

Finally, the Plaintiff has failed to demand the relief sought. The Amended Complaint does not appear to have a demand for relief except for the final page of the Amended Complaint, entitled "Motion for Summary Judgment." This is not a proper demand for relief as required under Fed.R.Civ.P. 8(a)(3). At this time, a motion for summary judgment is premature, and the motion also fails to state a basis upon which such a motion should be granted. As such, the Plaintiff's Amended Complaint fails the basic pleading requirements, and fails to put the Defendant on notice of what claims, if any, the Plaintiff may have against it. Therefore, the Plaintiff must be ordered to submit a more definite statement in the format required by the federal rules, stating the grounds upon which the Plaintiff is entitled to relief and demanding the relief sought.

## III. Conclusion

Based on the foregoing, the Defendant respectfully requests that the Court order the Plaintiff to submit a more definite statement in accordance with the Federal Rules of Civil Procedure, so as to put the Defendant on notice of what claims are made against the Defendant, so that the Defendant can reasonably respond to the Plaintiff's Amended Complaint.

Respectfully Submitted,
By the Defendant,
TSYS Total Debt Management, Inc.
d/b/a National Attorney Network.
By its Attorneys,

______________________________
Dawn Neborsky (#
BONNER KIERNAN TREBACH &
CROCIATA LLP
200 Portland Street, Suite 400
Boston, MA 02114
617-426-3900

DATED: June 30, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2008, a copy of the foregoing document was served by ECF Electronic Filing System, and first class mail, to the following:

Mark F. Medeiros
464 Eaton Street
Providence, RI 02908

Robert E. Johnson, Esq.
10 Dorrance Street, #515
Providence, RI 02903

Law Offices Howard Lee Schiff, P.C.
10 Dorrance Street, #515
Providence, RI 02903

___/s/ Dawn Neborsky______
Dawn Neborsky