UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARK F. MEDEIROS, Plaintiff, | : | |
| v. | : | CA 07-425 ML |
| ROBERT E. JOHNSON, ESQ., LAW OFFICES OF HOWARD LEE SCHIFF, P.C., CAPITAL ONE BANK, and TSYS TOTAL DEBT MANAGEMENT INC. d/b/a NATIONAL ATTORNEY NETWORK, Defendants. | : | |

**ORDER**
**GRANTING MOTION**
**FOR MORE DEFINITE STATEMENT**

Before the Court is Defendant TSYS Total Debt Management, Inc. d/b/a Nation Attorney Network's Rule 12(e) Motion for More Definite Statement (Doc. #28) ("Motion"). No objection to the Motion has been filed. After reviewing Plaintiff's Amended Complaint for Violations of the Fair Debt Collection Practices Act and the Credit Reporting Act (Doc. #22) ("Amended Complaint"), the Court finds that the Motion is well-founded. Accordingly, it is GRANTED.

Within fourteen days of the date of this Order, Plaintiff shall file a Second Amended Complaint which:

1. states his claims in numbered paragraphs;[1]

[1] Federal Rule of Civil Procedure 10(b) states:

> (b) Paragraphs; Separate Statements. **A party must state its claims** or defenses **in numbered paragraphs**, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier

2. states the claim(s) which Plaintiff has against each Defendant,[2] shows that Plaintiff is entitled to relief as to each Defendant, and makes a demand for relief as to each Defendant (i.e., what is Plaintiff asking that the Court do);[3]

3. identifies the causes of action as counts (e.g., Count 1, Count 2, Count 3, etc.);

4. does not include citations to case law (citations to

---

> pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b) (bold added).

[2] Plaintiff's Amended Complaint for Violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act (Doc. #22) ("Amended Complaint") creates some uncertainty as to what causes of action are directed at which Defendants. The statement at the top of page 2 (following the heading "CAUSES OF ACTION") suggests that each cause of action is against all three defendants (not just the defendant(s) identified in the cause of action). Unless Plaintiff intends that each cause of action be directed against all three Defendants, he should delete the statement at the top of page 2.

[3] Federal Rule of Civil Procedure 8(a) states:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

statutory law are permissible), see Fed. R. Civ. P. 8(a); and

5. does not include a Motion for Summary Judgment. Such a motion may only be filed in a separate document, see District of Rhode Island Local Rule ("DRI LR") Cv 7(a); see also DRI LR Cv 56 (stating additional requirements applicable to motions for summary judgment).

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 13, 2008