**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MARK F. MEDEIROS<br><br>Plaintiff<br>v.<br><br>ROBERT E. JOHNSON, ESQ., LAW OFFICES HOWARD LEE SCHIFF, P.C., TSYS TOTAL DEBT MANAGEMENT INC. d/b/a NATIONAL ATTORNEY NETWORK,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.CA 07 425 ML |

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

1. COMES NOW the Plaintiff, Mark F. Medeiros, (hereafter the "Plaintiff") and hereby brings this action to secure redress from unlawful credit and collection practices engaged in by the Defendants, Robert E. Johnson, Esq., Law Offices Howard Lee Schiff, P.C. and TSYS Total Debt Management Inc. d/b/a National Attorney Network. Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debt collectors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**JURISDICTION**

2. The jurisdiction of this Honorable Court is invoked pursuant to 15 U.S.C. §1692k, and 28 U.S.C. §1331 and 28 U.S.C. §1332(b).

## PARTIES

3. The Plaintiff is a natural person and resident of Providence County, Rhode Island. He is a "consumer" as defined by U.S.C. §1692a(3).

4. Defendant Law Offices Howard Lee Schiff, P.C., is a law firm with its principal place of business in the State of Connecticut. For all the relevant times, Law Offices Howard Lee Schiff, P.C. was engaged in business within the State of Rhode Island, including the collection of debts.

5. Defendant Robert E. Johnson, Esq. is an employee of the Defendant Law Offices Howard Lee Schiff, P.C. at their office located at 10 Dorrance St. Suite 515, Providence, RI 02908. Defendant Robert E. Johnson, Esq. is a member of the Rhode Island Bar and practices law within the State of Rhode Island and is regularly engaged in the practice of debt collection.

6. Defendant National Attorney Network is a Georgia corporation with offices at 6356 Corley Road, Norcross, GA 30071. It does business in Rhode Island. Its registered agent and office are Corporation Service Company, 222 Jefferson Boulevard, Suite 200, Warwick, R.I. 02888. TSYS Total Debt Management Inc. is regularly engaged in the practice of debt collection.

7. National Attorney Network describes its business activities on its web site (www.tsys.com) as follows:

Created by TSYS Total Debt Management Inc., the National Attorney Network enables clients to manage large volumes of legal accounts with fewer employees and at a minimal cost. Accounts are routed to top attorney firms in all50 states and Puerto Rico for immediate suit. Through the innovative use of technology, performance is tracked, and accounts are forwarded and recalled systemically.

Service is tailored to each creditor - for some that means National Attorney Network relationship analysts actively manage the attorney relationship, and for others, National Attorney Network provides the tools for creditors to better manage their attorneys. National Attorney Network has established a connection with all member firms that ensures daily reporting of information and enables the execution of specific routines built to create efficiencies for both clients and firms.

**National Attorney Network Services**

Scoring: Creditors reap the rewards of immediate dollars collected - without money spent on court costs - and the continued revenue stream as judgments are awarded and collected.

Performance Standards: In order to join National Attorney Network, attorney firms agree to adhere to the National Attorney Network Perrmance Standard, which can be customized to each client's goals and objectives. Standards ensure the ability to automate tracking and legal performance.

Electronic Funds Transfers: National Attorney Network pulls collection dollars from each attorney firm's bank account on a daily basis, and reconciles and pushes net recoveries to creditor bank accounts electronically. Clients are provided with a single, easily manageable remittance.

Electronic Auditing: Attorneys update National Attorney Network electronically on a daily basis with their activities, allowing timely reporting on all financial and non-financial activity, such as days-until service, suit and judgment.

NAN.net: National Attorney Network provides online access to account-level information. A host of reports are available online as well as specialized data mining services.

Geominer®: With this geographical-based software, creditors can review the status of accounts placed with attorneys anywhere in the United States. Performance and activity data are available on national, state, county and individual account levels.

DebtQuerySM: Creditors can define queries on portfolios to generate scenarios and strategies that can maximize recovery. DebtQuery can be used to generate lists for audit purposes, status research and viewing activity at the account level.

On-line Affidavit Database: This feature allows clients to produce, track and deliver affidavits to attorneys, significantly reducing the time between filing suit and collecting money. The database also decreases the incidence of lost documentation, resulting in improved cash flow.

SmartSIFSM: This innovative, Internet tool provides creditors with a systemic, rapid response to settlement offers that fall below the blanket authority.

Monthly Reports: National Attorney Network provides a full complement of performance reports on a monthly basis, including batch tracks, firm report cards, collection reports and multiple National Attorney Network reports.

National Attorney Network also provides superior collection support services to banking, finance and retail firms, auto lenders, debt buyers, and telecommunication companies. Utilizing teams of experienced professionals, NAN works directly with the client to implement successful recovery strategies.

Welcome to the proven nationwide legal process that has recovered millions of dollars thought to be unrecoverable for the country's largest creditors and debt buyers.

8. TSYS Total Debt Management, Inc. also sends collection letters and places collection calls as a regular part of its business. The mails and interstate wire communications are used to conduct the business of National Attorney Network.

9. National Attorney Network is a debt collector as defined in the Fair Debt Collection Practices Act.

**FACTS**

10. The collection efforts of Defendant Robert E. Johnson, Esq. and Defendant Law Offices Howard Lee Schiff, P.C. included the filing of a complaint in the name of Capital One Bank against the Plaintiff with the Sixth Division of the Rhode Island State District Court dated November 21, 2006 (Exhibit A) which demanded judgment of a lump sum of money ($3,062.67) but did not itemize the various charges that comprised the total amount of the debt.

11. The summons, complaint and an attached Affidavit of Debt and Verified Bill of Particulars dated March 13, 2007 (Exhibit B) which was signed by one Maisha Davis and was notarized by one Dudley Turner were thereafter served on Mark F. Medeiros on December 4, 2006.

12. Maisha Davis and Dudley Turner are in fact employees of National Attorney Network and are not employees of Capital One Bank as asserted in their sworn affidavit and are therefore not qualified to testify about the computer records of Capital One Bank or the procedures used by Capital One Bank to generate computer records.

13. Exhibit B did not disclose the fact that the signatories were employees of National Attorney Network and not Capital One Bank. By describing the affiant as having "personal knowledge" of the alleged debt to the original creditor without identification of the company for which the affiant works, the affidavit in the form of Exhibit B conceals the identity of the business preparing the document, National Attorney Network, and appears to come from Capital One Bank and amount to the use by National Attorney Network of a business, company, or organization name ("Capital One") other than the true name of the debt collector's business, company, or organization. This false affidavit did therefore violate the Fair debt Collection Practices Act 15 U.S.C. §1692e and §1692f by providing false and misleading information to the Plaintiff and the Sixth Division of the Rhode Island State District Court.

14. The fact that the affiant is not employed by Capital One Bank as falsely implied in the affidavit is material, as it would lead both the consumer and the Sixth Division of the Rhode Island State District Court to believe the affiant did have actual first hand knowledge of the alleged debt and caused the Sixth Division of the Rhode Island State District Court to act favorably to the complaint of the plaintiff in the Rhode Island State District Court case.

15. Defendant Robert E. Johnson Esq., Law Offices Howard Lee Schiff, P.C. filed with the Sixth Division of the Rhode Island State District Court the false and misleading Affidavit of Debt and Verified Bill of Particulars dated March 13, 2007 (Exhibit B) which was prepared by employees of National Attorney Network yet appeared to come from Capital One Bank. The fact that employees of National Attorney Network prepared this document was

concealed from the from the Plaintiff and the Sixth Division of Rhode Island State District Court by the Defendant Robert E. Johnson, Esq, and the Defendant Law Offices Howard Lee Schiff, P.C.in the Rhode Island State District Court case.

16. Defendant Robert E. Johnson, Esq., Law Offices Howard Lee Schiff, P.C. contacted the Plaintiff by telephone at his place of residence on April 24, 2008 at approximately 4:30P.M. E.S.T. and left a message on his answering machine asking to discuss a settlement offer without disclosing in his message that he was a debt collector.

**COUNT 1**
**(FDCPA – Robert E. Johnson, Esq., Law Offices Howard Lee Schiff, P.C.)**

17. Plaintiff re-alleges and and incorporates all of the preceding paragraphs as if fully set out herein.

18. This is a claim asserted against Defendant Robert E. Johnson, Esq. and against Defendant Law Offices Howard Lee Schiff, P.C. for multiple violations of the Fair Debt Collection Practices Act.

19. Defendant Robert E. Johnson, Esq. and Defendant Law Offices Howard Lee Schiff, P.C. are debt collectors as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(6).

20. Defendant Robert E. Johnson, Esq. and Defendant Law Offices Howard Lee Schiff, P.C. did violate the Fair Debt Collection Practices Act in connection with its attempts to collect alleged debt relating to the Capital One Account against Plaintiff. Defendant Robert E. Johnson, Esq. and Defendant Law Office Howard Lee Schiff, P.C. violations include, but are not limited to, the following:

A. Providing false and misleading information by failing to itemize the various charges that comprised the total amount of the debt in the Rhode Island State Court complaint dated November 21, 2006 in violation of 15 U.S.C. §1692e(2)(A):

> **A debt collector may not use any false, deceptive, or misleading *representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:***
> ***(2) The false representation of—***
> ***(A) the character, amount, or legal status of any debt; or***

and also in violation 15 U.S.C. §1692f:

> ***A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.***

B. Providing false and misleading information to the Plaintiff and the Sixth Division of the Rhode Island State District Court with the false and misleading Affidavit of Debt and Verified Bill of Particulars dated March 13, 2007 in violation of 15 U.S.C. §1692e:

> ***A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.***

and also in violation of 15 U.S.C. §1692f:

> ***A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.***

C. Knowingly furnishing to the Plaintiff and the Sixth Division of the Rhode Island State District Court the false and misleading Affidavit of Debt and Verified Bill of Particulars dated March 13, 2007 in violation of 15 U.S.C. §1692j:

> ***(a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.***
>
> ***(b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 813 for failure to comply with a provision of this title.***

D. Failure by Robert E. Johnson, Esq., Law Offices Howard Lee Schiff, P.C. to disclose to the Plaintiff in a telephone call that he was a debt collector in violation of §1692e(11):

***The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.***

21. All or most of the actions taken by Defendant Robert E. Johnson, Esq. and Defendant Law Offices Howard Lee Schiff, P.C. in violation of the Fair Debt Collection Practices Act occurred within one year of the filing prior to this action.

22. As a result of their violations of the Fair Debt Collection Practices Act, Defendant Robert E. Johnson, Esq. and Defendant Law Offices Howard Lee Schiff, P.C. are liable to the Plaintiff for declaratory judgment that Defendant Robert E. Johnson, Esq. and Defendant Law Offices Howard Lee Schiff, P.C. violated the Fair Debt Collection Practices Act, statutory damages, plus costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Robert E. Johnson, Esq. and Defendant Law Offices Howard Lee Schiff, P.C. for the following:

A. Statutory damages of $6,000 pursuant to 15 U.S.C. §1692k;

B. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;

C. Costs and reasonable attorneys fees pursuant to 15 U.S.C. §1692k; and

D. Such other and further relief as this Honorable Court deems just and proper, the premises considered.

**COUNT 2**
**(FDCPA – National Attorney Network)**

23. Plaintiff re-alleges and and incorporates all of the preceding paragraphs as if fully set out herein.

24. This is a claim asserted against National Attorney Network for multiple violations of the Fair Debt Collection Practices Act.

25. Defendant National Attorney Network is a debt collector as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(6).

26. Defendant National Attorney Network did violate the Fair Debt Collection Practices Act in connection with the false and misleading Affidavit of Debt and Verified Bill of Particulars dated March 13, 2007 which appeared to come from Capital One Bank. Defendant National Attorney Network violations include, but are not limited to, the following:

A. 15 U.S.C. §1692e (10)(14):

> ***A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .***
>
> ***(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .***
>
> ***(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .***

and also in violation of §1692f:

> ***A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.***

B. Designing, compiling and furnishing the false and misleading Affidavit of Debt and Verified Bill of Particulars dated March 13, 2007 knowing that such would create the false belief to the Plaintiff and the Sixth Division of the Rhode Island State District Court that this document came from Capital One Bank in violation of 15 U.S.C. §1692j:

> ***(a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.***
>
> ***(b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 813 for failure to comply with a provision of this title.***

27. All or most of the actions taken by Defendant National Attorney Network in violation of the Fair Debt Collection Practices Act occurred within one year of the filing prior to this action.

28. As a result of its violations of the Fair Debt Collection Practices Act, Defendant National Attorney Network is liable to the Plaintiff for declaratory judgment that Defendant National Attorney Network violated the Fair Debt Collection Practices Act, statutory damages, plus costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant National Attorney Network for the following:

A. Statutory damages of $3,000 pursuant to 15 U.S.C. §1692k;

B. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;

C. Costs and reasonable attorneys fees pursuant to 15 U.S.C. §1692k; and

D. Such other and further relief as this Honorable Court deems just and proper, the premises considered.

**Statement Upon Which Relief Can Be Granted**

1. A settlement agreement between the Plaintiff and Defendant's that the Defendant's shall cause to be removed any derogatory information and inquiries which were generated by the Defendant's, their assigns, associates, and or any other corporation, entity or person associated with the Rhode Island State Court case from all four major credit reporting agencies Equifax, Experian, TransUnion and Innovis and any other known credit reporting agencies. The Defendant's shall also provide a Universal Data Form proving they have complied and send same to Plaintiff in an expeditious manner.
2. The Defendant's must cease and desist any further collection activities against the Plaintiff and will be barred now or in the future from selling or transferring of the alleged debt to any other collection agency or attorney or entity and also barred now and in the future from reentering this information into the Plaintiff's credit reports.
3. The Defendant Robert E. Johnson, Esq. and the Defendant Law Offices Howard Lee Schiff, P.C. shall cause the judgment entered against the Plaintiff in the Sixth Division of the Rhode Island State District Court (*Capital One Bank v. Mark F. Medeiros)* to be vacated and the record sealed by the Sixth Division of the Rhode Island State District Court court so that it no longer appears in the public record of the Plaintiff at the Rhode Island State District court house.
4. Payment of $6,000 to the Plaintiff by Defendant Robert E. Johnson, Esq. and Defendant Law Offices Howard Lee Schiff, P.C. for their violations of the Fair Debt Collection Practices Act.
5. Payment of $3,000 to the Plaintiff by the Defendant National Attorney Network for their violations of the Fair Debt Collection Practices Act.
6. Reimbursement of court costs to the Plaintiff in the amount of $530.00.

7. Damages as allowed by the Court.

8. The Defendant's agree not to attempt to enforce any confidentiality agreement with the Plaintiff as this case is a matter of public record which can be easily accessed by any citizen on the Internet through the Pacer website and that the general public should be made aware of the Defendant's wrong doing

Respectfully submitted this 9th Day of September 2008,

Mark F. Medeiros, Pro Se, 9/9/08
464 Eaton St.
Providence, RI 02908
401-273-9199

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9th, 2008 a copy of the foregoing documents was served by U.S. Mail upon the following: Robert E. Johnson, Esq., and Law Offices Howard Lee Schiff, P.C., 10 Dorrance St. #515, Providence, RI 02903 and Bonner, Kiernan, Trebach & Crociata, LLP., 200 Portland St. Suite 400, Boston, MA 02114.

Mark F. Medeiros

EXHIBIT A

STATE OF RHODE ISLAND
PROVIDENCE S.C.

DISTRICT COURT DEPARTMENT

SIXTH DIVISION

CAPITAL ONE BANK
Plaintiff

V.

C.A. NO.

MARK F MEDEIROS
Defendant

COMPLAINT

1. On or before 10/05/06 the defendant became indebted to the plaintiff in the sum of $3,062.67 for charges and/or cash advances incurred on defendant's credit account.

2. Despite demand, the balance of $3,062.67 remains wholly unpaid and the defendant has failed and continues to fail to make payment.

3. Provisions of the credit agreement between the parties may provide for interest on any unpaid balance.

4. Said agreement is still owned by the plaintiff.

WHEREFORE, the plaintiff demands judgment against the defendant for damages in the amount of $3,062.67 plus interest, and costs, all as provided for by said agreement.

Plaintiff

By ______________________

Robert E Johnson Esq.#5575
LAW OFFICES HOWARD LEE SCHIFF, P.C.
10 Dorrance St, Suite 515
Providence, RI 02903-2018
(401) 861-9991
Its Attorneys

Dated November 21, 2006

THIS COMMUNICATION IS FROM A DEBT COLLECTOR
RW CN-M69309

EXHIBIT B

CAPITAL ONE BANK , Plaintiff

V. NO.

MARK F MEDEIROS , Defendant

AFFIDAVIT OF DEBT AND VERIFIED BILL OF PARTICULARS

The undersigned being duly sworn deposes and says that he/she is responsible for the accounts receivable of the Plaintiff and as such is familiar with the facts herein and that based on his/her personal knowledge the Defendant(s) is (are) justly indebted to the Plaintiff as follows:

1. The defendant is not now in the military service of the United States as defined in Article I of the " "Soldiers and Sailor's Civil Relief Act of 1940" as amended nor an infant, incompetent or infirm

2. That on or before 10/05/06 the Defendant(s) became indebted to the Plaintiff in the sum of $3,062.67 according to the books and records of the plaintiff on the defendants account # 4036942066104988.

3. That up to and including the date of March 7, 2007 the Defendant(s) paid a total of $0 on said debt, leaving a balance of $3,062.67

4. The agreement between the parties provides for interest calculated at 12.000 % per annum from 10/05/06 to March 7, 2007 which sum is $154.06

5. Said agreement also provides for reasonable attorney's fee which sum is $0

Defendant(s) is (are) entitled to no defenses, setoffs or counterclaims.

Maisha Davis

MEDIA SERVICES REPRESENTATIVE

Subscribed and sworn to me this ______ day of MAR 13 2007 20

Notary Public, Commission Expires:

RU CN-M69309

Dudley Turner
Notary Public, Dekalb County, Georgia
My Commission Expires January 19, 2009