UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARK MEDEIROS )<br>    Plaintiff, )<br> )<br>v. )<br> )    CA No.: 07 425 ML<br>ROBERT E. JOHNSON, ESQ., LAW )<br>OFFICES HOWARD LEE SCHIFF, P.C.,)<br>TDM TOTAL DEBT MANAGEMENT, )<br>INC. d/b/a NATIONAL ATTORNEY )<br>NETWORK, )<br>    Defendants. )| |

**ANSWER, JURY DEMAND, AND AFFIRMATIVE DEFENSES OF THE DEFENDANT, TSYS TOTAL DEBT MANAGEMENT, INC. d/b/a NATIONAL ATTORNEY NETWORK TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

1. NOW COMES the Defendant, TSYS Total Debt Management, Inc. (hereinafter "TDM") and hereby answers the Plaintiff's Second Amended Complaint and sets forth its jury demand and affirmative defenses.

## JURISDICTION

2. Paragraph 2 calls for a legal conclusion, which requires no response. To the extent that a response is required, TDM denies the allegation in paragraph 2 and calls upon the Plaintiff to prove the same.

## PARTIES

3. TDM admits that the Plaintiff is a natural person and resident of Providence County, Rhode Island. In so far as Paragraph 3 calls for a legal conclusion regarding the Plaintiff's allegation that he is a "consumer" as defined by U.S.C. § 1692a(3), paragraph 3 requires no response. To the extent that a

1

response is required, TDM denies the allegation that the Plaintiff is a "consumer" as defined by U.S.C. §1692a(3), and calls upon the Plaintiff to prove the same.

4. TDM is without knowledge or information sufficient to admit or deny the allegations in paragraph 4.

5. TDM is without knowledge or information sufficient to admit or deny the allegations in paragraph 5.

6. DENIED.

7. TDM denies that the website www.tsys.com states the quoted language in Paragraph 7. TDM admits that the website www.tsys.com/services/tdm/nan/htm states the quoted language in Paragraph 7, but denies that the website states "Welcome to the proven nationwide legal process that has recovered millions of dollars thought to be unrecoverable for the country's largest creditors and debt buyers."

8. DENIED.

9. Paragraph 9 calls for a legal conclusion, which requires no response.

## FACTS

10. TDM is not obligated to answer paragraph 10 as it is directed to another party in this action.

11. TDM is without knowledge or information sufficient to admit or deny the allegations in paragraph 11.

12. DENIED.

13. TDM admits that Exhibit B, the Affidavit of Debt and Verified Bill of Particulars, does not address the employment status of the signatory. TDM denies the remaining allegations in paragraph 13.

14. DENIED.

15. TDM denies that Exhibit B was false and misleading and/or that concealment occurred. To the extent that allegations are made against another defendant, no answer is required.

16. TDM is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 16.

### COUNT 1
**(FDCPA-Robert E. Johnson, Esq., Law Offices Howard Lee Schiff, P.C.)**

17. TDM repeats its responses to paragraphs 1 through 16 as if expressly stated herein.

18. TDM is not obligated to answer paragraph 18 as it is directed to another party in this action.

19. TDM is not obligated to answer paragraph 19 as it is directed to another party in this action.

20. (A-D) TDM is not obligated to answer paragraphs 20 (A-D) as it is directed to another party in this action.

21. TDM is not obligated to answer paragraph 21 as it is directed to another party in this action.

22. TDM is not obligated to answer paragraph 22 as it is directed to another party in this action.

WHEREFORE, TDM requests that judgment enter against Plaintiff and for TDM on each and every allegation in Plaintiff's Second Amended Complaint, and that TDM shall recover its costs and reasonable attorney's fees.

## COUNT 2
### (FDCPA-National Attorney Network)

23. TDM repeats its responses to paragraphs 1 through 22 as if expressly stated herein.

24. Denied.

25. Paragraph 25 calls for a legal conclusion, which requires no response.

26. Denied.

    A. Denied

    B. Denied

27. Denied.

28. Denied.

WHEREFORE, TDM requests that judgment enter against Plaintiff and for TDM on each and every allegation in Plaintiff's Second Amended Complaint, and that TDM shall recover its costs and reasonable attorney's fees.

## Statement Upon Which Relief Can Be Granted

TDM is not obligated to respond to Paragraphs 1-8 of the section "Statement Upon Which Relief Can Be Granted" of the Plaintiff's Second Amended Complaint because it contains no allegations, but rather it appears to set forth a prayer for relief. To the extent that a response is required, TDM denies the statements made in Paragraphs 1-8 of the Plaintiff's "Statement Upon Which Relief Can Be Granted."

WHEREFORE, TDM requests that judgment enter against Plaintiff and for TDM on each and every allegation in Plaintiff's Second Amended Complaint, and that TDM shall recover its costs and reasonable attorney's fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to allege with specificity any claim of fraud against TDM as required by Fed. R. Civ. P. 9.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief may be granted against TDM.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate his damages, and any damages awarded against TDM should be reduced accordingly.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed for insufficiency of process.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed for insufficiency of service of process.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed for failure to comply with Fed. R. Civ. P. 4(j).

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed for lack of personal jurisdiction.

TDM hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or appear during the discovery proceedings in this case, and hereby reserves its right to assert any such defense.

**TDM CLAIMS A TRIAL BY JURY ON ALL CLAIMS RAISED IN PLAINTIFF'S SECOND AMENDED COMPLAINT.**

                                        Respectfully Submitted,
By the Defendant,
TDM Total Debt Management, Inc.
d/b/a National Attorney Network.
By its Attorneys,

/s/ Dawn Neborsky_____
Dawn Neborsky (#6671)
BONNER KIERNAN TREBACH & CROCIATA LLP
200 Portland Street, Suite 400
Boston, MA 02114
617-426-3900

DATED: October 29, 2008

## CERTIFICATE OF SERVICE

      I hereby certify that on October 29, 2008, a copy of the foregoing document was served to the following:

Mark F. Medeiros *via first class mail*
464 Eaton Street
Providence, RI 02908

Robert E. Johnson, Esq. *via ECF*
10 Dorrance Street, #515
Providence, RI 02903

Law Offices Howard Lee Schiff, P.C. *via ECF*
10 Dorrance Street, #515
Providence, RI 02903

                                               ___/s/ Dawn Neborsky_____
                                               Dawn Neborsky